# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40793
Conference Calendar

GEORGE NEAL WILLIAMS

Plaintiff-Appellant

V.

GEAN LEONARD, Galveston County Jail Sheriff's Department

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-282

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Neal Williams, Texas inmate # 1002786, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief can be granted. Williams alleged that he was subjected to cruel and unusual punishment because he was the victim of a single instance of food poisoning at the Galveston County jail. Because the district court dismissed the complaint for failure to state a claim as well as for being frivolous, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To state a claim that prison officials violated his Eighth Amendment rights, a prisoner must allege that officials acted with deliberate indifference to his safety. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002). Allegations of negligent or unreasonable action are not sufficient to state a claim under the Eighth Amendment. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (en banc). Williams has not asserted that he had personal knowledge that Leonard knew about the spoiled meat. Rather, he alleges that Leonard's subordinates should have told Leonard about the problem and that, if Leonard had been so informed, he was negligent in failing to investigate the matter personally. These allegations do not state a claim of deliberate indifference.

Alternatively, Williams asserts that, if Leonard was not informed about the spoiled meat by his subordinates, he, as their superior, is liable for their dereliction of duty. Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

The instant appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is dismissed. See 5TH CIR. R. 42.2.

The dismissals of the original suit and of this appeal count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Williams is warned that if he accumulates three strikes, he will be barred from proceeding in forma pauperis pursuant to § 1915 in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.