# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-11071
Summary Calendar

GEORGE NEAL WILLIAMS

Plaintiff-Appellant

v.

DOUGLAS DRETKE, Director Texas Department of Criminal Justice; NFN BRALEE; NFN SABINE; NFN THOMPSON; NFN GREEN; NFN WILLIAMS; NFN AVANT; NFN SLOAN; NFN BRAZEE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-116

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

George Neal Williams, Texas prisoner # 1002786, filed a civil rights complaint asserting claims against several prison officials. Williams later filed supplements in which he asserted retaliation claims based on events that occurred after the filing of the complaint. The magistrate judge (MJ) dismissed the retaliation claims based on post-complaint events for failure to exhaust

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies. The MJ dismissed Williams's remaining claims as frivolous. We review the dismissal of a prisoner's complaint as frivolous for abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Williams claims that defendant Green violated his right to equal protection by denying him admission to the chow hall after allowing inmates of another race to enter moments before. Williams contends that Green's desire was to provoke him. Williams's claim fails because he does not allege a discriminatory intent on the part of Green. See Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Further, Williams's allegations do not establish that he and the other inmates admitted by Green were similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Williams contends that defendants Thompson, Brazee, Sabine, and Williams filed false disciplinary charges against him. The MJ determined that Williams's allegations regarding the filing of false disciplinary charges were malicious prosecution claims, a characterization that Williams does not dispute. There is no federal constitutional claim based on the tort of malicious prosecution. Castellano v. Fragozo, 352 F.3d 939, 953-54 (5th Cir. 2003) (en banc).

Williams claims that the defendants violated a protected liberty interest when they charged him with several disciplinary violations that resulted in the reduction in good-time earning status, the loss of a chance for parole, and the loss of good time credits. Williams's reduction in line-class status does not implicate due process concerns. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Texas prisoners have "no constitutional expectancy of parole" and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim. See Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000). Williams does not challenge the MJ's determination that the requirements of due process were met in the disciplinary cases that resulted in the loss of previously earned good time credits. See Wolff v. McDonnell,

418 U.S. 539, 563-66 (1974). He has therefore waived the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Williams claims that defendant Sloan, who was his counsel substitute, violated his constitutional rights by refusing to provide assistance in his disciplinary cases. Williams cannot maintain a § 1983 action against Sloan based on her actions as his counsel substitute. See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).

Williams claims that defendants Brazee and Sabine were deliberately indifferent to his serious medical needs when they refused to issue a pass to allow him to go to the medical department. He asserts that Brazee forced him to report to his prison job when he was sick with a virus. Williams, however, has not shown that he had anything more than a minor illness. He has not shown that the defendants were deliberately indifferent to a serious medical need. See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

Williams claims that he was denied meals and that the defendants pursued disciplinary charges against him in retaliation for his filing of a previous civil action. Williams, who has provided no specifics about the previous action, presents arguments regarding the dismissal of his retaliation claims that are entirely conclusory and are devoid of any facts that would support an inference of a retaliatory motive on account of the prior lawsuit. A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Williams does not challenge the MJ's dismissal, for failure to exhaust administrative remedies, of his retaliation claims based on events that occurred after the filing of the complaint. Accordingly, this court will not consider the issue. See Brinkmann, 813 F.2d at 748.

Williams's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams previously accumulated at least two strikes. See Williams v. Leonard, 274 F. App'x 355, 356 (5th Cir. 2008). Because Williams now has accumulated at least three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.