United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))))

No. 06-30699

)))))))))))))))))))))))))))))

RICHARD MAHOGANY, JR,

Plaintiff-Appellant,

v.

RICHARD STALDER; JIM ROGERS; LYNN MCCLOUD,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-2293

_____

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard Mahogany, Jr. ("Mahogany"), a Louisiana state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil rights action against several Louisiana prison officials. Mahogany alleges that a prison disciplinary proceeding did not satisfy the minimum requirements of procedural due process. The district court applied Supreme Court precedent and held that

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Mahogany's claims were not cognizable under § 1983. Because Heck v. Humphrey, 512 U.S. 477 (1994), does not bar Mahogany's § 1983 claim in its entirety, we AFFIRM IN PART, REVERSE IN PART, and REMAND.

## I. FACTUAL AND PROCEDURAL HISTORY

A prison disciplinary board found Mahogany guilty of fighting and sentenced him to four weeks of cell confinement and forfeiture of ninety days of good-time credits. After exhausting the two-step prison grievance procedure, Mahogany filed a § 1983 civil rights action, alleging that the disciplinary proceeding violated his right to procedural due process because he did not receive a written statement of the evidence relied on during the proceeding or the reasons for the disciplinary action. In his prayer for relief, Mahogany asks the court to (1) restore his forfeited good-time credits; (2) reverse the disciplinary board's decision and expunge the results of the disciplinary proceeding from his prison record; and (3) award him monetary damages.

Applying Muhammad v. Close, 540 U.S. 749 (2004), and Heck, a magistrate judge recommended that Mahogany's complaint did not state a cognizable claim under § 1983. The district court adopted the magistrate's report and recommendation in full and dismissed Mahogany's suit. Mahogany appeals the dismissal to this court. We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal of Mahogany's complaint for failure to state a claim *de novo*. Ruiz

2

<u>v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam).

## II. DISCUSSION

The Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)). Furthermore, in <u>Heck</u>, the Court held that a prisoner cannot maintain a § 1983 action for monetary damages if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," 512 U.S. at 481-82, unless the prisoner can prove that "the conviction or sentence has already been invalidated," <u>id.</u> at 487.[2] Here, the district court rejected Mahogany's due process claim, reasoning that Mahogany has no § 1983 damages claim "[u]nless and until Mahogany is able to have his disciplinary conviction reversed, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination." Report and Recommendation at 2 (citing <u>Muhammad</u>).

Mahogany contends that <u>Heck</u> does not bar his § 1983 claim because a judgment in his favor would not necessarily imply the invalidity of the finding of guilt or the sanction imposed. To the extent that Mahogany seeks restoration of good-time credits, reversal of the disciplinary board's decision, and expungement of

---

[2] <u>Heck</u> applies to this case, for the term "conviction" includes rulings from prison disciplinary proceedings. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

the disciplinary proceeding from his record, <u>Preiser</u> and <u>Heck</u> bar these avenues of relief, because such relief either directly or indirectly challenges the validity of the disciplinary board's finding of guilt and of the sanction imposed.  See <u>Dotson</u>, 544 U.S. at 78-82.

Whether Mahogany's claim for damages arising from his failure to receive a written statement of the evidence relied on would necessarily demonstrate the invalidity of the judgment in the disciplinary proceeding is an issue of first impression in this circuit.  We conclude that it does not.

The Supreme Court has recognized an inmate's right to seek damages under § 1983 for the denial of procedural due process rights during prison disciplinary hearings, including the right to receive a written statement of the evidence relied on during those proceedings.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 554-55, 563-64 (1974).  In <u>Heck</u>, the Court observed that the damages sought in <u>Wolff</u> were "'damages for the deprivation of civil rights,'" and not "damages for the deprivation of good-time credits."  512 U.S. at 482.  The Court further noted that there was no indication in <u>Wolff</u> that "using the wrong procedures necessarily vitiated the denial of good-time credits.  Thus, the claim at issue in <u>Wolff</u> did *not* call into question the lawfulness of the plaintiff's continuing confinement."  <u>Id.</u> at 483; <u>see also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 649-50 (1997)(Ginsburg, J., concurring) (suggesting that

4

failure to provide facts and evidence supporting a finding of guilt "would not necessarily imply the invalidity of the deprivation of good-time credits, and therefore is immediately cognizable under § 1983").

Therefore, a claim for damages based on a failure to receive a written statement of the evidence relied on in a prison disciplinary proceeding is cognizable under § 1983. Consequently, the district court in this case erred in dismissing Mahogany's § 1983 claim in its entirety. The district court should not have dismissed Mahogany's § 1983 claim in so far as Mahogany seeks damages for the violation of his due process rights. We therefore REVERSE this aspect of the district court's order, and REMAND for reconsideration consistent with this opinion.

The district court correctly dismissed Mahogany's claim to the extent that he sought restoration of good-time credits, reversal of the disciplinary board's decision, and expungement of the disciplinary proceedings from his record. We therefore AFFIRM this aspect of the district court's order.

On remand, the district court should decide Mahogany's § 1983 claim to the extent that Mahogany seeks damages for the disciplinary board's failure to provide him with a written statement of the evidence relied on during the disciplinary proceeding. We caution, however, that the damages cannot encompass the "injury" of being deprived of good-time credits, and must stem solely from "the deprivation of civil rights." Heck, 512 U.S. at 482-83, 487 n.7;

5

see <u>Wolff</u>, 418 U.S. at 555.

### III. CONCLUSION

For the reasons stated above, we AFFIRM IN PART, REVERSE IN PART and REMAND.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

6