IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 05-41387

WILLIAM DEXTER WHITE,

　　　　　Plaintiff-Appellant

vs.

RONALD C. FOX; D WOODS, Lieutenant; P JONES; ROY LEE CASTILLO,
Inmate; ROBERT E TAYLOR, Captain; ET AL,

　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-26

Before GARZA and DENNIS, Circuit Judges, and MINALDI, District Judge.*

PER CURIAM:**

　　　Plaintiff-Appellant William Dexter White ("White"), a Texas state prisoner
proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. §1983 civil
rights action against several Texas prison officials. White alleges that the prison
disciplinary proceeding did not satisfy the minimum requirements of procedural due
process. The district court applied Supreme Court precedent and held that

---

*District Judge of the Western District of Louisiana, sitting by designation.
**Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

White's claims were not cognizable under § 1983. Edwards v. Balisok, 520 U.S. 641(1997). Because we cannot say that all of White's §1983 claims are frivolous or not cognizable, we AFFIRM IN PART, REVERSE IN PART, and REMAND.

## FACTUAL AND PROCEDURAL HISTORY

A prison disciplinary board found White guilty of attempting to extort money from another inmate. As a sentence, White's good time credits were revoked. After exhausting the prison grievance procedure, White filed a lengthy, verified §1983 civil rights action, alleging that numerous prison officials violated his constitutional rights. In the §1983 action, White requested that the record of his disciplinary case be stricken from his files. He also sought injunctive relief, declaratory relief, and monetary damages. White sought restoration of his "safekeeping" designation and reinstatement of his housing restrictions.

The magistrate judge considered White's preliminary injunction and concluded that White failed to show a substantial likelihood that he would prevail on the merits or that he faced a substantial risk of irreparable injury if relief was not granted. The magistrate judge further determined that the evidence did not support White's assertion that he was in present danger. The magistrate judge recommended denial of the motion. The district court denied White's motion for injunctive relief.

The magistrate judge also conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989), to determine whether White's complaint was frivolous or otherwise failed to state a claim. White consented to magistrate jurisdiction. A prison

representative appeared at the Spears hearing. Applying Edwards, 520 U.S. 641, the magistrate judge held that challenges to prison disciplinary convictions could not be brought in a §1983 proceeding absent a showing that the disciplinary case had been reversed, set aside, or otherwise declared invalid. The magistrate judge determined that White failed to make such a showing and therefore, to the extent that White was challenging his disciplinary conviction, his challenge was without merit. The magistrate judge dismissed the §1983 claim with prejudice as frivolous for failure to state a claim pursuant to 28 U.S.C. § 1915A.

The Fifth Circuit has jurisdiction pursuant to 28 U.S.C. § 1291. The district court concluded that White's § 1983 claims were frivolous under 28 U.S.C. §1915A and the claims were dismissed with prejudice. This court reviews the district court's dismissal as frivolous under § 1915A for an abuse of discretion. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1980).[1]

## DISCUSSION

White's numerous § 1983 claims fall into three broad categories: allegations of procedural and evidentiary errors, claims related to his disciplinary conviction, and claims not related to his disciplinary action. We consider each set of claims in turn.

---

[1]Subsequent panel decisions have reviewed dismissals of a claim as frivolous under §1915A de novo. See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998)(per curiam); Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). When panel opinions are in conflict, the earlier decision controls. United States v. Miro, 29 F.3d 194, 199 n.4 (5th Cir. 1994). Martin preceded Ruiz, accordingly, Martin's abuse of discretion standard controls.

## I. Allegations of Procedural and Evidentiary Errors

<u>Right to Amend</u>

The district court may dismiss a prisoner's complaint against an officer or employee of a governmental entity if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Such a dismissal is reviewed for abuse of discretion. E.g., Martin, 156 F.3d at 580. A complaint is frivolous "'if it lacks an arguable basis in law or fact.'" Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (quoting Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)). The magistrate judge dismissed White's complaint with prejudice without allowing White the opportunity to amend and attempting to cure deficiencies. White argues that he had a right to amend his complaint as a matter of law as service had not been completed and responsive pleadings had not been filed.

The court held a Spears hearing at which White was permitted to testify at length; therefore, granting leave to amend was not necessary. A §1915(d) dismissal as frivolous differs from dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Although "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon," §1915(d) provides no such procedural protections. Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th Cir. 1993), abrogated on other grounds by Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

The magistrate judge did not err in dismissing the complaint without allowing White the opportunity to amend. White had an opportunity to fully elaborate on his claims during the Spears hearing.

Evidence of Guilt

White challenged the factual basis of the underlying extortion charge and asserts that the magistrate judge erred by dismissing his case without addressing his claim that there was no reliable evidence to support a finding of guilt. The magistrate judge correctly found this claim barred by Heck. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Brady Claim

White argues that the magistrate judge erroneously dismissed his Brady claim. The magistrate judge concluded, without citation to authority, that Brady does not apply in prison disciplinary proceedings.

White alleges that prison officials violated his constitutional rights by altering and destroying evidence relevant to the charges against him. Convictions tainted by the suppression, destruction, or alteration of material evidence violate a defendant's Fourteenth Amendment right to due process. Brady v. Maryland, 373 U.S. 83, 87 (1963). If we were to find that prison officials altered and destroyed evidence relevant to the charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges. See Heck, 512 U.S. at 490 (holding that allegation of knowing destruction of exculpatory evidence necessarily

5

implied invalidity of conviction and sentence). Thus, Heck also bars this claim unless White proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Since White has not made such a showing, this claim is legally frivolous. Accordingly, the district court did not err in dismissing this claim under § 1915(d). See Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

<u>Inadmissible Evidence</u>

White asserted that the district court considered portions of the prison records, which were not part of the pleadings or the prison record which was admitted into evidence, including details of alleged involvement with tobacco, drugs, and currency. The magistrate judge's rejection of his claim that his custodial classification had been changed through deliberate indifference to his safety was based, in part, on "information from prison records." The magistrate judge's opinion does not identify the source of the records, but the transcript of the Spears hearing indicates that Chip Satterwhite, a prison representative, was present at the hearing. Satterwhite brought "certified authenticated records" from the prison, including White's grievance records. At the Spears hearing, White indicated that he did not object to the magistrate judge's review of these records.

The documents referenced by Satterwhite are not in this court's record. White agreed to the magistrate judge's consideration of the questioned documents; therefore, the objection is deemed to have been waived. Puryear v. United States, 378 F.2d 29,

6

30 (5th Cir. 1967). see also Rogers v. United States, 334 F.2d 83, 86 (5th Cir. 1964); Teate v. United States, 297 F.2d 120, 121 (5th Cir. 1961).

Preliminary Injunction

White argues that the district court erred in denying his motion for a preliminary injunction. A "judgment," for purposes of the Federal Rules of Civil Procedure, is defined to "include[ ] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Judicial Code permits an appeal from an interlocutory order granting, refusing, or refusing to dissolve an injunction. See 28 U.S.C. §1292(a)(1). An "interlocutory order granting a preliminary injunction is a judgment within the meaning of the Rule 4(a)(4) provision relating to a motion under Rule 59 to alter or amend the judgment." Nw. Nat'l. Ins. Co. v. Alberts, 937 F.2d 77, 81 (2d Cir. 1991) (internal quotation omitted).

If an order granting a preliminary injunction is to be reviewed prior to appeal from the final judgment, the appeal must be taken within thirty days after the date of entry of the injunction unless a timely motion has been made under Fed. R. Civ. P. 59(e) to alter or amend the injunction decision, or under some other pertinent Rule specified by Fed. R. App. P. 4(a)(4)(A) as extending the appeal deadline. See Favia v. Ind. Univ. of Pa., 7 F.3d 332, 337-38 (3d Cir.1993) (finding that the thirty-day limit may not be circumvented by seeking relitigation of the original issues in the guise of a motion to dissolve or modify the injunction and appealing from the denial of that motion); Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 400 -01 (2d Cir. 2000).

7

The district court entered its order denying White's motion for injunctive relief on March 31, 2005. White did not file an appeal within thirty days of that order. Accordingly, this court does not have jurisdiction to review the district court's denial of the motion for a preliminary injunction.

## II. § 1983 Claims related to Disciplinary Conviction

<u>Due Process</u>

The Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). In Heck, the Court held that a prisoner cannot maintain a §1983 action for monetary damages if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," unless the prisoner can prove that "the conviction or sentence has already been invalidated," 512 U.S. at 481-82, 487.[2]

The district court correctly rejected White's due process claim, reasoning that White had no §1983 damages claim "absent a showing that the disciplinary case has been reversed, set aside, expunged, or otherwise declared invalid by state proceedings or through the issuance of a federal writ of habeas corpus." Memorandum Opinion at 7, White v. Fox, No.6:05cv26 (D. TX. filed Sep 8, 2005) (citing Edwards, 520 U.S. at

_____

[2]Heck applies to this case, for the term "conviction" includes rulings from prison disciplinary proceedings. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc).

8

644).

Disciplinary Charge

A prisoner cannot bring a §1983 action seeking damages (rather than the recovery of good-time credits) based on a "conviction" until that "conviction" has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" or the length of his confinement. Heck, 512 U.S. at 486-87. A "conviction," for purposes of Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. See Edwards, 520 U.S. at 643.

White argues that the magistrate judge erred by dismissing his lawsuit without addressing his claims of being falsely charged with a disciplinary violation and being denied due process at the disciplinary hearing. White argues that his due process rights were violated as he received less than twenty-four-hour notice before the hearing, was not allowed to call witnesses, and was not permitted to obtain necessary documentary evidence. White contends that the magistrate judge erred by dismissing his claims of deprivation of constitutional rights due to the failure of prison officials to provide him with a written statement of reasons for the disciplinary conviction.

The magistrate judge concluded that White's challenge to the disciplinary proceedings was without merit because White failed to make the required showing

9

under Edwards that the disciplinary case was reversed or otherwise held invalid. To the extent that White seeks restoration of good-time credits, reversal of the disciplinary board's decision, and expungement of the disciplinary proceeding from his record, Preiser, 411 U.S. at 489 and Heck, 512 U.S. at 486-87, bar these avenues of relief, because such relief either directly or indirectly challenges the validity of the disciplinary board's finding of guilt and of the sanction imposed. See also Wilkinson, 544 U.S. at 78-82.

While the majority of White's arguments are meritless, this court must address White's argument that his constitutional rights were violated because he failed to receive a written report of the statement of evidence relied upon in the disciplinary case. White argues that he was provided a incomplete copy of the written reasons and was forced to file his administrative appeal based on the incomplete copy. Then, after he filed the administrative appeal, prison officials completed the disciplinary findings by altering the documents he had filed into the record.

Our opinion in Mahogany v. Stalder[3], though unpublished and not binding precedent, is instructive here. In Mahogany a prison disciplinary board found Mahogany guilty of fighting and sentenced him to four weeks of cell confinement and forfeiture of ninety days of good-time credits. Mahogany, 242 Fed.App'x. at 262. After exhausting the two-step prison grievance procedure, Mahogany filed a §1983 civil rights action, alleging that the disciplinary proceeding violated his right to procedural due process because he did not receive a written

---

[3]242 Fed. App'x. 261 (5th Cir. 2007).

statement of the evidence relied on during the proceeding or the reasons for the disciplinary action. In his prayer for relief, Mahogany asked the court to (1) restore his forfeited good-time credits; (2) reverse the disciplinary board's decision and expunge the results of the disciplinary proceeding from his prison record; and (3) award him monetary damages. Id.  The court held that even though Mahogany's claims for reversal of the board decision, expungement of disciplinary proceedings, and restoration of good-time credit were barred by Heck, Mahogany's §1983 action claiming a violation of due process from the prison official's failure to provide a written statement of evidence in his disciplinary board proceeding was not barred. Id. at 263.

The Supreme Court has recognized an inmate's right to seek damages under §1983 for the denial of procedural due process rights during prison disciplinary hearings, including the right to receive a written statement of the evidence relied on during those proceedings. Wolff v. McDonnell, 418 U.S. 539, 554-55, 563-64 (1974). In Heck, the Court observed that the damages sought in Wolff were "'damages for the deprivation of civil rights,'" and not "'damages for the deprivation of good-time credits.'" 512 U.S. at 482.  The Court further noted that there was no indication in Wolff that "using the wrong procedures necessarily vitiated the denial of good-time credits. Thus, the claim at issue in Wolff did not call into question the lawfulness of the plaintiff's continuing confinement." Id. at 483; see also Edwards, 520 U.S. at 649-50 (Ginsburg, J., concurring) (suggesting that failure to provide facts and evidence supporting a finding of guilt "would not necessarily imply the invalidity of the deprivation of good-time credits, and therefore is immediately cognizable under §1983").

A claim for damages based on a failure to receive a written statement of the evidence relied on in a prison disciplinary proceeding is cognizable under §1983. Therefore, the district court in this case erred in dismissing White's §1983 claim in its entirety.

11

## Substitute Counsel Claim

A violation of 42 U.S.C. § 1983 occurs when a person is deprived of "rights, privileges, or immunities secured by the Constitution and laws" under the "color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia." Williams v. Comer, No. 1:02CV435-D-A , 2003 WL 23199524 at *4 (N.D. Miss. Nov. 26, 2003); see also Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995). The district court did not err in dismissing White's claims against Ham, his substitute prison counsel in the prison disciplinary proceeding, because there is no evidence of a state action.

## Liberty Interest

White failed to state a valid claim under §1983 for the denial of his right to good-time credits because under that statute a prisoner cannot recover good-time credits lost in a disciplinary proceeding. Clark v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Moreover, White has no liberty interest in his ability to earn future good-time credits. White's procedural due process claim, insofar as it is premised on his inability to accrue good time credit, does not implicate a cognizable liberty interest. Pfeil v. Freudenthal, No. 07-1-312, 2008 WL 2416291at *2(5th Cir. June 16, 2008); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

### III. §1983 Claims Not Related to Disciplinary Action

## Snitch Claims and Severance

White complained that prison officials acted with deliberate indifference to his safety for falsely labeling him a "snitch" and then transferring him to another unit where he was subjected to violent physical and sexual assaults. White testified during the Spears hearing that this designation had a negative impact on him when he was transferred to the Darrington

Unit,[4] yet the magistrate judge erroneously concluded that White had suffered no harm from this designation and his subsequent transfer.

White argues that this cause of action accrued in the Eastern District of Texas, that the injuries incurred in the Darrington Unit were the result and continuation of decisions made in the Eastern District of Texas, and that the court erred in severing and transferring claims. White alleges that he was designated a snitch at the Michael Unit, in the Eastern District of Texas, and this designation continued when he was transferred to the Darrington Unit in the Southern District of Texas.

We cannot say that White's snitch claim is "indisputably meritless" or "wholly incredible" such that it lacks an arguable basis in law or fact because the records upon which the district court relied have not been made a part of this record. Fowler v. Lynaugh, 69 F.3d 535 (5th Cir. 1995). The district court found that White's claims in the Eastern District of Texas, including those claims arising in the Michael Unit, should be dismissed as frivolous. The court further found that the proper venue for the remaining claims, including those arising in the Darrington Unit, should be be severed and transferred to the Southern District of Texas.

Remand is necessary to determine whether the transfer of the claims arising in the Darrington Unit was appropriate. This will depend upon the district court's reconsideration of the snitch designation and the alleged injuries sustained as a result of that designation. Accordingly, we conclude that the district court abused its discretion in dismissing White's snitch claim under §1915(d).

Confiscation of Personal Property

---

[4]The Darrington Unit is located in the Southern District of Texas.

13

White alleged that his personal property was confiscated in retaliation for his legal activities. The magistrate judge provided a detailed analysis of White's confiscation of property and retaliation claims. On appeal, White made conclusory allegations that did not address the magistrate's detailed analysis. White did not adequately brief and discuss his confiscation claim. He has therefore abandoned that claim. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (stating that this court will not raise and discuss legal issues that an appellant has failed to assert); Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (emphasizing that although pro se briefs are construed liberally, pro se parties must still brief the issues and reasonably comply with Fed. R. App. P. 28(a)). White failed to brief this claim adequately, therefore it will not be considered on appeal. See Johnson v. Zumbro, 220 F.3d 586 (5th Cir. 2000); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(9).

<u>Review of the Record</u>

White argues that the magistrate judge erred in failing to conduct a de novo review of the record. White asserts that the magistrate judge did not consider his retaliation claims, accepting all of the alleged facts as true. The magistrate judge considered White's conclusory allegations and found them to be frivolous, holding that White "did not offer any specific link between his legal activity and the disciplinary case which he received, beyond the fact that he engaged in legal activity and subsequently received the disciplinary case."

The district court did not err in finding that White's conclusory allegations of retaliation are insufficient to state a claim. Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).

CONCLUSION

A claim for damages based on a failure to receive a written statement of the evidence

14

relied on in a prison disciplinary proceeding is cognizable under §1983. Consequently, the district court in this case erred in dismissing White's §1983 claim in its entirety. The district court should not have dismissed White's §1983 claim insofar as White seeks damages for the violation of his due process rights. We therefore REVERSE this aspect of the district court's order, and REMAND for reconsideration consistent with this opinion.

The district court correctly dismissed White's claim to the extent that he sought restoration of good-time credits, reversal of the disciplinary board's decision, and expungement of the disciplinary proceedings from his record. We therefore AFFIRM this aspect of the district court's order.

On remand, the district court should decide White's §1983 claim to the extent that White seeks damages for the disciplinary board's failure to provide him with a written statement of the evidence relied on during the disciplinary proceeding. The court should also consider the "snitch" claim and the alleged harm that resulted from this designation. We caution, however, that the damages cannot encompass the "injury" of being deprived of good-time credits, and must stem solely from "the deprivation of civil rights." Heck, 512 U.S. at 482-83, 487 n.7; see also Wolff, 418 U.S. at 555.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.