# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2010

Charles R. Fulbruge III
Clerk

No. 09-30667
Summary Calendar

ALEX JACKSON,

Plaintiff - Appellant

v.

DARRYL MIZZEL, Captain; RICHARD STEADMAN, Lieutenant; LARRY JACKSON, Sergeant; ROBERT TANNER, Warden; JAMES LEBLANC, Secretary, Louisiana Department of Corrections; JAMES HAYES, Prisoner; J. R. THOMAS, Captain,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-cv-03003-CJB

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alex Jackson, a Louisiana state prisoner, filed this 42 U.S.C. § 1983 action against his jailors.  The district court – upon the magistrate judge's 28 U.S.C. § 1915A recommendation – dismissed Jackson's case for failure to state a claim.  Jackson appeals, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30667

## I. BACKGROUND

Jackson and another inmate – James Hayes – got into a cellblock scuffle on the night of November 2, 2008. The guards broke it up by tackling Jackson off of Hayes. Jackson requested emergency medical care to treat some swelling, but the prison officials made him wait until morning to see a doctor. He also demanded an immediate transfer to a safer prison – one closer to his hometown.

In the aftermath of the fight, both Jackson and Hayes admitted to fighting in violation of jailhouse rules. The prison, however, assigned an investigator to take a closer look. Hayes eventually cracked during interrogation, explaining that he and Jackson had staged the fight. Jackson wanted to move to a prison closer to his home, so he offered Hayes $100 to put on the show. According to Hayes, Jackson hit himself – causing the swelling – to make the dramatic altercation more authentic.

His jailors issued Jackson a disciplinary report, charging self-mutilation, fraud (lying), and bribery. At a hearing Jackson denied the charges but offered no substantive defense. The disciplinary chairwoman found him guilty on all counts. The punishment included eight dollars of restitution, no phone for two months, and loss of 55 days of good-time credit.

Jackson filed this § 1983 claim in federal court. He alleged that the guards: (1) had failed to protect him during the fight; (2) wrongfully had delayed medical treatment; (3) had prosecuted him maliciously at the disciplinary hearing; (4) had denied him adequate procedures at the hearing; and (5) have since retaliated against him for filing a complaint. Jackson also attached several pendent state law claims.

2

No. 09-30667

Pursuant to 28 U.S.C. § 1915A, the magistrate judge recommended dismissal of the action as frivolous and for failure to state a claim.[1]  In particular, *Heck v. Humphrey*[2] barred Jackson from recovering damages on the failure to protect claim, unless he first overturned the disciplinary conviction.[3] The other claims had no merit.  The district court adopted the magistrate judge's report and dismissed for failure to state a claim.

Jackson appeals, urging that *Heck* does not bar all of his allegations. According to Jackson, the Supreme Court has silently overruled the 5th Circuit case applying *Heck* to prison disciplinary convictions.[4]  Jackson misreads the district court order, which held that *Heck* bars only one of his six claims.  This

---

[1]The magistrate judge also mentioned 28 U.S.C. § 1915(e)(2)(B) as an alternative basis for dismissal, which does not change our analysis of this case. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

[2]512 U.S. 477 (1994).

[3]*See id.* at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

[4]*See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) ("A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits.").

No. 09-30667

court, however, liberally construes pro se filings.[5]  Read fairly, Jackson's brief

contests the negative outcome on all of his claims.  We understand Jackson not

only to question *Heck*'s applicability to the failure to protect claim but also to

challenge the district court's order as a whole.[6]

## II.  ANALYSIS

Our caselaw is inconsistent as to whether we must review a district court's

§ 1915A dismissal de novo or for abuse of discretion.[7]  We need not resolve the

_____

[5]*See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("[W]e liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel . . . ."); *Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993).

[6]Jackson has sought leave of the court to supplement his brief in order specifically to challenge the entire district court order.  By instead liberally construing Jackson's original submission, the court effectively reaches the same result as if we had granted leave to supplement.  In other words, any supplement would be redundant.

[7]We have held that "we will . . . employ the . . . *de novo* standard to review dismissals pursuant to § 1915A." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  Two months previously, though, we had held that "[w]e review the magistrate's determination that [the] complaint is frivolous [under § 1915A] for an abuse of discretion." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).  Subsequent cases have alternated between the two standards.  *See*, *e.g.*, *Velasquez*, 329 F.3d at 421 ("The standard of review of dismissals under 28 U.S.C. § 1915A . . . is de novo."); *White v. Fox*, 294 F. App'x 955, 957 (5th Cir. 2008) (unpublished) ("This court reviews the district court's dismissal as frivolous under § 1915A for an abuse of discretion.").  The *White* court rightly noted that "[w]hen panel opinions are in conflict, the earlier decision controls." *See White*, 294 F. App'x at 957 n.1 (citing *United States v. Miro*, 29 F.3d 194, 199 n.4 (5th Cir. 1994)).  Our earlier decision (*Martin*), though, took the standard of

No. 09-30667

discrepancy, though, as Jackson's appeal fails under any standard of review.

## A. Failure to Protect

Jackson alleges that the guards did not break up the fight fast enough, causing him injury. To succeed on this damages claim, Jackson would have to show that inmate Hayes attacked him. Jackson's prison disciplinary proceeding found that Jackson had staged the phony fight. Therefore, a victory on Jackson's § 1983 damages claim necessarily would imply the invalidity of his otherwise undisturbed disciplinary conviction. As our en banc court explained in *Clark v. Stalder*: "A prisoner . . . cannot bring a § 1983 action seeking damages . . . based on a 'conviction' until that 'conviction has been . . . declared invalid . . . if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' . . . ."[8] Of course, "[a] 'conviction,' for the purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including loss of good-time credits."[9]

Jackson contends that the Supreme Court decision in *Wilkinson v. Austin*[10]

---

review for granted, whereas the later decision (*Ruiz*) embarked on a lengthy analysis to determine the proper review. Confounding the problem, the district court in this case dismissed under § 1915A for "failure to state a claim." *Martin*'s rule may apply only to dismissals as "frivolous" – with *Ruiz*'s rule applying to failures to state a claim.

[8]154 F.3d at 189 (citing *Heck*).

[9]*Id.*

[10]545 U.S. 209 (2005).

No. 09-30667

silently overturned our *Clarke* rule.  He is wrong.  Among other reasons, *Wilkinson* involved neither a prison disciplinary proceeding of this kind nor a damages claim.

## B.  Failure to Treat

Jackson alleges that the prison staff delayed treatment of his serious injuries.  The Eighth Amendment forbids prison officials from displaying deliberate indifference toward prisoners' medical needs.[11]  Mere negligence, though, is not enough.[12]  Rather, "the legal conclusion of deliberate indifference . . . must rest on facts clearly evincing wanton actions on the part of the defendants."[13]  Jackson makes no such showing.

The guards had Jackson wait until morning to see the doctors.  After examining him, the medical team noted Jackson's swollen cheek, sore wrist, and bruised knee.  X-rays of his face, back, and knee revealed no breaks or other serious damage.  A doctor at a follow-up exam explained that the patient would need no treatment.  Jackson has not demonstrated "unnecessary and wanton infliction of pain repugnant to the conscience of mankind,"[14] and, in any event, a prisoner cannot recover for mere delay in medical treatment unless harm

---

[11]*Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).

[12]*Id.* at 106.

[13]*Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotations and citations omitted).

[14]*Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

6

No. 09-30667

results.[15]

### C.  Malicious Prosecution

Jackson suggests that the prison officials maliciously and without cause instituted disciplinary proceedings against him.  "There is no federal constitutional claim based on the tort of malicious prosecution."[16]  Because the disciplinary board found Jackson guilty, *Heck* likely would bar the claim anyway.

### D.  Inadequate Procedure at Disciplinary Hearing

Jackson baldly states that – in losing his good-time credits at the disciplinary hearing – he did not receive constitutionally required procedural protections: written notice of the evidence against him and the right to call witnesses in his defense.  This court has suggested that prisoners may bring a § 1983 claim for damages for the deprivation of civil rights relating to disciplinary procedures, as long as the prisoner does not challenge the substantive result of the hearing.[17]  The damages sought must not "encompass

---

[15]*See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (citing cases).

[16]*Williams v. Dretke*, 306 F. App'x 164, 166 (5th Cir. 2009) (unpublished) (citing *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) (en banc)).

[17]*Mahogany v. Stalder*, 242 F. App'x 261 (5th Cir. 2007) (unpublished); *White*, 294 F. App'x at 961 ("A claim for damages based on a failure to receive a written statement of the evidence relied on in a prison disciplinary proceeding is cognizable under §1983."); *Randle v. Woods*, 299 F. App'x 466, 468 (5th Cir.

No. 09-30667

the injury of being deprived of good-time credits, and must stem solely from the deprivation of civil rights."[18] A fine line, to be sure, but one that we need not in this case negotiate.

Even if Jackson could state a cognizable claim, he does not do so here. His conclusory declaration that his jailors create an atmosphere where a prisoner may be deprived of procedural due process does not "raise [his] right to relief above the speculative level."[19] Although not necessary to our decision, the record reflects that Jackson's claim is factually frivolous: he did receive advance notice of both the charges and evidence against him; and he did not seek to call witnesses at his hearing.

---

2008) (unpublished) ("An inmate may still be entitled to nominal monetary damages if he proves that the procedures in a disciplinary hearing were wrong, even if the substantive result – i.e. the deprivation of good-time credits – is not."). *See generally Clarke*, 154 F.3d at 189 ("Claims for damages and declaratory relief challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable in a § 1983 action until the relevant 'conviction' has been reversed, expunged, or otherwise declared invalid if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' in the disciplinary proceeding or the length of the prisoner's confinement.").

[18]*Mahogany*, 242 F. App'x at 263 (citing *Heck*) (quotations omitted).

[19]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations and quotation marks omitted).

No. 09-30667

E.  Post-Incident Retaliation

Jackson claims that the prison guards have retaliated against him since he filed a complaint about their handling of the fight.  He says they search his cell, steal from him, and verbally threaten him.  Of course, prison officials "may not retaliate against or harass an inmate for . . . complaining to a supervisor about a guard's misconduct."[20]  Jackson, though, "alleges no factual basis for that mere conclusionary allegation.  Standing alone, the contention is frivolous."[21]

Nor does Jackson have a valid constitutional claim for underlying searches, thefts, or threats.  First, "prisoners have no legitimate expectation of privacy," so – absent cruel or unusual circumstances – the Constitution does not prohibit even unreasonable cell searches.[22]  Second, as long as the state provides for a meaningful post-deprivation remedy (which Louisiana does[23]), then no constitutional violation occurs when a state employee negligently or intentionally deprives a prisoner of property.[24]  And third, freestanding "claims

---

[20]*Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).

[21]*Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

[22]*Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

[23]*Hodge v. B.B. "Sixty" Rayburn Corr. Ctr.*, 2008 WL 4628586, *7; 2008 U.S. Dist. LEXIS 88139, *22 (E.D. La. 2008) (citing *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984)).

[24]*See Hudson*, 468 U.S. at 533 ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

No. 09-30667

of verbal abuse are not actionable under § 1983."[25]

## F. State Law Claims

Because Jackson states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action.[26]

## III. CONCLUSION

Jackson's complaint has no legal merit. We AFFIRM the district court's dismissal of all claims. Jackson's motions to supplement his brief and for appointment of counsel[27] – as well as any other outstanding motions – are DENIED as moot.

---

[25]*See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

[26]*Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). We construe Jackson's state law claims to include a putative cause of action against inmate Hayes, as he likely did not act under the color of law. *See* 42 U.S.C. § 1983. However, to the extent that Jackson alleges Hayes's conspiratorial involvement with the prison guards, the claim would fail for the same reasons that the other federal claims did.

[27]Even if the motion for appointment of counsel were not moot, we would deny it – as Jackson's case is neither complex nor exceptional. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).