TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00197-CV







Gerald Allen Perry, Appellant



v.



Gene A. Kroll et al., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. D-1-GN-09-001806, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Gerald Allen Perry, an inmate in the Stiles Unit of the Texas Department
of Criminal Justice, sued appellee Gene A. Kroll, the warden of that unit, and appellee
Lance C. Knod, an officer at that unit. Perry appeals the district court's order dismissing the suit as
frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).

This action arises out of a prison disciplinary proceeding. Perry was accused of using
abusive language against a prison employee. A major disciplinary hearing was conducted, with
Knod serving as the hearings officer. At the conclusion of the hearing, Knod found that Perry
was guilty of the violation and imposed these penalties: 45 days recreation restriction, 45 days
commissary restriction, 30 days cell restriction, a reduction in class from line one to line two, and
forfeiture of 15 days of good time credit.

Perry appealed Knod's decision through the Department's offender grievance
procedure. Among other things, Perry complained that Knod had been biased against him, had
punished him for exercising his right of access to the courts, and had failed to make a written record
of the evidence on which he based the finding of guilt. The step one grievance form was submitted
to Kroll, who found that the evidence supported the finding of guilt and that no procedural errors had
been committed. The step two grievance form was submitted to a unit grievance investigator who
is not a party to this suit. She also upheld Knod's decision.

Perry then filed this lawsuit. In his petition, Perry alleged that the proceedings that
resulted in the forfeiture of his good time credits violated his Fourteenth Amendment due process
rights in three respects: (1) Knod exhibited actual bias against Perry and used the disciplinary
process to harass Perry for exercising his right of access to the courts; (2) Knod failed to specify in
writing the facts and evidence supporting the finding of guilt; and (3) Kroll failed to correct the latter
error when it was brought to his attention in Perry's grievance. Perry sought relief in the form of
monetary damages and a restoration of his good time credit. See 42 U.S.C.A. § 1983 (West 2003). (1)

Knod filed a motion to dismiss on three grounds: (1) Perry failed to submit an
affidavit relating to his previous filings, see Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (West
2002); (2) Perry failed to attach a certified copy of his trust fund account statement, see id.
§ 14.004(c); and (3) Perry's claims have no basis in law, see id. § 14.003(b)(2). Perry subsequently
filed an affidavit relating to his previous filings and a certified copy of his trust fund account
statement. On March 9, 2010, the district court granted the motion in a signed order expressly
dismissing the suit as frivolous. (2) 

In his first ground of error, Perry urges that the district court erred by concluding that
this lawsuit is frivolous. We review a dismissal under chapter fourteen for an abuse of discretion. 
Leachman v. Dretke, 261 S.W.3d 297, 303 (Tex. App.--Fort Worth 2008, no pet.). A trial court
abuses its discretion if it acts without reference to any guiding rules or principles. Id. In light of the
grounds for dismissal contained in Knod's motion, we infer that the district court concluded that the
lawsuit is frivolous because it has no basis in law. Therefore, we take as true the allegations in the
petition and review the types of relief and causes of action set out therein to determine whether, as
a matter of law, the petition stated a cause of action that would authorize relief. Id. at 304. A claim
has no arguable basis in law if it is an indisputably meritless legal theory. Id.

An inmate cannot use a section 1983 action to recover good time credit lost in a
prison disciplinary proceeding. Preiser v. Rodriguez, 411 U.S. 475, 448-49 (1973); Clarke
v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Therefore, the district court did not abuse its
discretion by concluding that there was no basis in law for Perry's section 1983 action for injunctive
relief in the form of a restoration of his good time credit.

In order to recover damages under section 1983 for an unconstitutional conviction
or sentence, the plaintiff must prove that the conviction or sentence has been reversed on direct
appeal, expunged by executive order, or declared invalid in a collateral proceeding. Heck
v. Humphrey, 512 U.S. 477, 486-87 (1994); Clarke, 154 F.3d at 189. When an inmate seeks
damages in a section 1983 suit, the court must consider whether a judgment in favor of the inmate
would necessarily imply the invalidity of the inmate's conviction or sentence; if it would, the cause
must be dismissed unless the inmate can demonstrate that the conviction or sentence has already
been invalidated. Heck, 512 U.S. at 487. If, on the other hand, a judgment in favor of the
inmate would not necessarily imply the invalidity of the inmate's conviction or sentence, the
section 1983 action for damages may proceed. Id.

A prison disciplinary proceeding that results in the loss of good time credits is a
"conviction" within the meaning of Heck. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke,
154 F.3d at 189. Claims for damages challenging the procedures used in a prison disciplinary
proceeding are not cognizable under section 1983 until that proceeding has been reversed, expunged,
or otherwise declared invalid, if a favorable judgment in the section 1983 action would necessarily
imply the invalidity of the inmate's "conviction" in the proceeding or the length of his confinement. 
Edwards, 520 U.S. at 648 (1997); Clarke, 154 F.3d at 189. But if an inmate seeks to recover
damages for depriving him of good time credit without due process, and if a favorable judgment
would not necessarily imply the invalidity of the disciplinary hearing or its result, the claim is
cognizable under section 1983. Edwards, 520 U.S. at 645.

Perry's claim that Knod exhibited actual bias against him and used the disciplinary
hearing to punish him for exercising his constitutional rights necessarily implies the invalidity of the
hearing and its result. See id. at 647 (holding that claim that disciplinary hearing officer was biased
necessarily implied invalidity of hearing and its result). Therefore, the district court did not abuse
its discretion by concluding that there was no basis in law for Perry's section 1983 action for
damages based on his claim that Knod was biased against him.

Perry's claim for damages based on Knod's alleged failure to make constitutionally
adequate written findings and Knoll's alleged failure to correct this error is a different matter. Due
process requires that, in prison disciplinary proceedings, there be a written statement by the fact
finder as to the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell,
418 U.S. 539, 564-65 (1974). A claim for damages based on a prison grievance officer's failure to
specify the facts and evidence supporting the finding of guilt does not necessarily imply the
invalidity of the hearing or its result. See Edwards, 520 U.S. at 649-50 (Ginsburg, J., concurring). 
Because Perry's claim for damages on this basis does not necessarily imply the invalidity of the
disciplinary hearing or the forfeiture of his good time credit, it is not indisputably meritless, and the
district court abused its discretion by dismissing it as frivolous. See White v. Fox, 294 F. App'x 955,
961 (5th Cir. 2008) (holding that claim for damages based on failure to receive written statement of
evidence relied on in prison disciplinary proceeding is cognizable under section 1983).

We reverse the district court's dismissal of Perry's claim for damages under section
1983 based on Knod and Knoll depriving him of good time credits without a constitutionally
adequate written statement of the evidence supporting the finding of guilt. We affirm the district
court's order of dismissal in all other respects. We remand the case to the trial court for further
proceedings consistent with this opinion. (3) 



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed in part; Reversed and Remanded in part

Filed: December 15, 2010
1. Perry did not expressly cite section 1983 in his petition, but he cited opinions construing
that statute as the basis for his claims. Perry also relies on section 1983 opinions in his brief to
this Court.
2. The record reflects that a telephone hearing was held on the motion to dismiss, but there is
no reporter's record. The district court's order states that it was made "after considering all
of the pleadings and arguments of the parties filed herein," and we presume that the
hearing was nonevidentiary. See Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777,
782-83 (Tex. 2005).
3. Because we remand for further proceedings, we need not address Perry's ground of error
complaining of the trial court's failure to act on a pending motion.