# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00197-CV

---

**Gerald Allen Perry, Appellant**

**v.**

**Gene A. Kroll et al., Appellees**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-09-001806, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Gerald Allen Perry, an inmate in the Stiles Unit of the Texas Department of Criminal Justice, sued appellee Gene A. Kroll, the warden of that unit, and appellee Lance C. Knod, an officer at that unit. Perry appeals the district court's order dismissing the suit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).

This action arises out of a prison disciplinary proceeding. Perry was accused of using abusive language against a prison employee. A major disciplinary hearing was conducted, with Knod serving as the hearings officer. At the conclusion of the hearing, Knod found that Perry was guilty of the violation and imposed these penalties: 45 days recreation restriction, 45 days commissary restriction, 30 days cell restriction, a reduction in class from line one to line two, and forfeiture of 15 days of good time credit.

Perry appealed Knod's decision through the Department's offender grievance procedure. Among other things, Perry complained that Knod had been biased against him, had punished him for exercising his right of access to the courts, and had failed to make a written record of the evidence on which he based the finding of guilt. The step one grievance form was submitted to Kroll, who found that the evidence supported the finding of guilt and that no procedural errors had been committed. The step two grievance form was submitted to a unit grievance investigator who is not a party to this suit. She also upheld Knod's decision.

Perry then filed this lawsuit. In his petition, Perry alleged that the proceedings that resulted in the forfeiture of his good time credits violated his Fourteenth Amendment due process rights in three respects: (1) Knod exhibited actual bias against Perry and used the disciplinary process to harass Perry for exercising his right of access to the courts; (2) Knod failed to specify in writing the facts and evidence supporting the finding of guilt; and (3) Kroll failed to correct the latter error when it was brought to his attention in Perry's grievance. Perry sought relief in the form of monetary damages and a restoration of his good time credit. *See* 42 U.S.C.A. § 1983 (West 2003).[1]

Knod filed a motion to dismiss on three grounds: (1) Perry failed to submit an affidavit relating to his previous filings, *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (West 2002); (2) Perry failed to attach a certified copy of his trust fund account statement, *see id*. § 14.004(c); and (3) Perry's claims have no basis in law, *see id*. § 14.003(b)(2). Perry subsequently filed an affidavit relating to his previous filings and a certified copy of his trust fund account

---

[1] Perry did not expressly cite section 1983 in his petition, but he cited opinions construing that statute as the basis for his claims. Perry also relies on section 1983 opinions in his brief to this Court.

statement. On March 9, 2010, the district court granted the motion in a signed order expressly dismissing the suit as frivolous.[2]

In his first ground of error, Perry urges that the district court erred by concluding that this lawsuit is frivolous. We review a dismissal under chapter fourteen for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.* In light of the grounds for dismissal contained in Knod's motion, we infer that the district court concluded that the lawsuit is frivolous because it has no basis in law. Therefore, we take as true the allegations in the petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* at 304. A claim has no arguable basis in law if it is an indisputably meritless legal theory. *Id.*

An inmate cannot use a section 1983 action to recover good time credit lost in a prison disciplinary proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 448-49 (1973); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Therefore, the district court did not abuse its discretion by concluding that there was no basis in law for Perry's section 1983 action for injunctive relief in the form of a restoration of his good time credit.

In order to recover damages under section 1983 for an unconstitutional conviction or sentence, the plaintiff must prove that the conviction or sentence has been reversed on direct

---

[2] The record reflects that a telephone hearing was held on the motion to dismiss, but there is no reporter's record. The district court's order states that it was made "after considering all of the pleadings and arguments of the parties filed herein," and we presume that the hearing was nonevidentiary. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782-83 (Tex. 2005).

appeal, expunged by executive order, or declared invalid in a collateral proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Clarke*, 154 F.3d at 189. When an inmate seeks damages in a section 1983 suit, the court must consider whether a judgment in favor of the inmate would necessarily imply the invalidity of the inmate's conviction or sentence; if it would, the cause must be dismissed unless the inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. If, on the other hand, a judgment in favor of the inmate would not necessarily imply the invalidity of the inmate's conviction or sentence, the section 1983 action for damages may proceed. *Id.*

A prison disciplinary proceeding that results in the loss of good time credits is a "conviction" within the meaning of *Heck*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke*, 154 F.3d at 189. Claims for damages challenging the procedures used in a prison disciplinary proceeding are not cognizable under section 1983 until that proceeding has been reversed, expunged, or otherwise declared invalid, if a favorable judgment in the section 1983 action would necessarily imply the invalidity of the inmate's "conviction" in the proceeding or the length of his confinement. *Edwards*, 520 U.S. at 648 (1997); *Clarke*, 154 F.3d at 189. But if an inmate seeks to recover damages for depriving him of good time credit without due process, and if a favorable judgment would not necessarily imply the invalidity of the disciplinary hearing or its result, the claim is cognizable under section 1983. *Edwards*, 520 U.S. at 645.

Perry's claim that Knod exhibited actual bias against him and used the disciplinary hearing to punish him for exercising his constitutional rights necessarily implies the invalidity of the hearing and its result. *See id.* at 647 (holding that claim that disciplinary hearing officer was biased

4

necessarily implied invalidity of hearing and its result). Therefore, the district court did not abuse its discretion by concluding that there was no basis in law for Perry's section 1983 action for damages based on his claim that Knod was biased against him.

Perry's claim for damages based on Knod's alleged failure to make constitutionally adequate written findings and Knoll's alleged failure to correct this error is a different matter. Due process requires that, in prison disciplinary proceedings, there be a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). A claim for damages based on a prison grievance officer's failure to specify the facts and evidence supporting the finding of guilt does not necessarily imply the invalidity of the hearing or its result. *See Edwards*, 520 U.S. at 649-50 (Ginsburg, J., concurring). Because Perry's claim for damages on this basis does not necessarily imply the invalidity of the disciplinary hearing or the forfeiture of his good time credit, it is not indisputably meritless, and the district court abused its discretion by dismissing it as frivolous. *See White v. Fox*, 294 F. App'x 955, 961 (5th Cir. 2008) (holding that claim for damages based on failure to receive written statement of evidence relied on in prison disciplinary proceeding is cognizable under section 1983).

We reverse the district court's dismissal of Perry's claim for damages under section 1983 based on Knod and Knoll depriving him of good time credits without a constitutionally adequate written statement of the evidence supporting the finding of guilt. We affirm the district

court's order of dismissal in all other respects. We remand the case to the trial court for further proceedings consistent with this opinion.[3]

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed in part; Reversed and Remanded in part

Filed:   December 15, 2010

_____

[3] Because we remand for further proceedings, we need not address Perry's ground of error complaining of the trial court's failure to act on a pending motion.