IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40831
Summary Calendar

JOE RICHARD RANDLE, JR

                    Plaintiff-Appellant

v.

LIEUTENANT D WOODS

                    Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-454

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe Richard Randle, Jr., Texas Prisoner #644080, appeals the district court's dismissal of his 42 U.S.C. §1983 action against Lieutenant D. Woods ("Woods") and various other parties. Randle accuses Woods and several other prison officials of harassment, conspiracy, violations of due process, deliberate indifference and retaliation in connection with his use of the prison grievance system; he seeks declaratory and injunctive relief as well as monetary damages.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The magistrate judge conducted an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir.1985), and issued a Report and Recommendation ("R&R") recommending that all of Randle's claims except for the retaliation claim against Woods be dismissed as frivolous. Woods moved for summary judgment, and the magistrate judge issued a second R&R recommending that the claim against Woods be dismissed as Randle had failed to exhaust his administrative remedies. The district court dismissed Randle's claims against all but Woods as frivolous, and dismissed the remaining claim against Woods for failure to exhaust administrative remedies.

The district court properly dismissed Randle's claim against Woods, as Randle failed to properly exhaust his administrative remedies. The magistrate judge determined that Randle had not presented his complaint to prison officials in compliance with the two-step process established by the Texas Department of Criminal Justice ("TDCJ"). Each issue in the complaint must be presented in a step one grievance, and may subsequently be appealed in a step two grievance procedure. Offenders are not allowed to present new issues in step two. Randle's complaint against Woods is raised for the first time in Randle's step two grievance, in violation of TDCJ requirements that only one issue per grievance be presented and that each issue have been filed at step one. The Supreme Court held in Woodford v. Ngo, 548 U.S. 81 (2006), that the exhaustion remedy contained in the Prison Reform Litigation Act ("PLRA") mandates "proper exhaustion," which means compliance with prison procedural rules and deadlines. Id. at 92-93. A grievance must be pursued through both steps of the TDCJ system before it can be considered exhausted. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). It is clear that Randle did not raise his claim

against Woods until step two of the process, thus failing to meet the exhaustion requirement.

The district court also properly dismissed Randle's other claims of retaliation and ancillary claims of harassment, conspiracy and deliberate indifference. In order to state a valid claim for retaliation under §1983, a prisoner must allege the following: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. Jones v. Greininger, 188 F.3d 322, 324-325 (5th Cir. 1999). If the inmate cannot point to a specific constitutional right that has been violated, the claim will fail. Id. at 325 (citing Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996)). Mere conclusory statements that retaliation occurred are not sufficient; "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.' " Id. (citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995)).

Randle cites four specific instances of alleged retaliation: a disciplinary case that was brought out-of-time, a disciplinary case regarding the covering of a light in his cell, a disciplinary case regarding his refusal to return to quarters, and a unit classification committee hearing that he was not allowed to attend and in which his line class status was changed. The first claim fails as the magistrate judge determined that the first disciplinary case was not brought out-of-time and that there was a valid basis for the issuance of the disciplinary case. Randle's second claim fails as the Randle concedes that the disciplinary case in question was dismissed, thus removing any injury for which Randle might have a claim. Randle's third claim fails as he does not deny that he refused to return

to his quarters when instructed to do so, and thus cannot show that, but for the alleged retaliatory motive, he would not have received the case. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Randle's final claim also fails as a change in line class status does not implicate a cognizable constitutional liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

To the extent that Randle raises a due process challenge to the hearing he was not allowed to attend, however, the district court erroneously held that he could not proceed under 42 U.S.C. §1983. The magistrate judge's report states that Randle received a disciplinary case on September 17, 2005 for failure to obey an order and refusal to return to his cell. The magistrate's report indicates that Randle made some statements explaining his behavior; however, the report then states that "the hearing record reflects that Randle was excluded from the hearing." As punishment for that case, Randle received 45 days of cell and commissary restrictions and the loss of 20 days of good time.

The district court dismissed Randle's claim, holding under Edwards v. Balisok, 520 U.S. 641 (1997), and Clarke v. Stalder, 154 F.3d 186 (5th Cir. 1998), that a prisoner may not pursue monetary damages for disciplinary cases absent a showing that the result has been reversed and expunged. However, the district court did not properly apply Edwards in this case. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner cannot maintain a § 1983 action for monetary damages if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," id. at 481-82, unless the prisoner can prove that "the conviction or sentence has already been invalidated," id. at 487. In Edwards, the Court limited the ability of inmates to recover §1983 damages for violations of procedural due process

4

during disciplinary hearings, where a challenge to those procedures necessarily implies the invalidity of the judgment. Edwards, 520 U.S. at 645-46. An inmate may still be entitled to nominal monetary damages if he proves that the procedures in a disciplinary hearing were wrong, even if the substantive result–i.e. the deprivation of good-time credits–is not. Id. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court recognized an inmate's right to seek damages for violations of procedural due process during prison disciplinary hearings, including the right to receive written statement of evidence relied on in those hearings. Id. at 554-55, 563-64. This Court has also held that a claim for damages based on the failure to receive a written statement of evidence relied on in a disciplinary hearing, is cognizable under §1983. Mahogany v. Stalder, 242 Fed. Appx. 261, 263 (5th Cir. 2007).[1]

Randle alleges four instances of due process violations resulting from his exclusion from various disciplinary hearings. The first three are meritless, as the magistrate judge's report indicates that Randle was excluded because of his disruptive behavior during the first hearing, was present at the second hearing, and did not show to the third hearing. However, the violation of due process alleged by Randle with respect to the September 27 hearing may create a valid §1983 claim. Randle argues, and the magistrate judge appears to affirm in his report, that he was excluded from the hearing of September 27. Exclusion from a disciplinary hearing without cause likely raises a valid due process claim, as it is even more harmful to the inmate's ability to participate than the failure to provide a written statement of evidence. However, it is unclear from the

---

[1] Mahogany v. Stalder is an unpublished case and not precedential, however, its application of Wolff is instructive here.

magistrate judge's report why or at what point during the hearing the exclusion on September 27 occurred. In alleging his exclusion from the hearing, Randle has stated a cognizable claim under §1983, and the district court's dismissal of the claim is improper. We thus AFFIRM the dismissal of Randle's retaliation claims, REVERSE dismissal of his due process claim with respect to the hearing of September 27, and REMAND for further consideration.