

NUMBER 13-09-00455-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MICHAEL ANTHONY EVANS,** **Appellant,**

**v.**

**WAYNE TIFFIN,** **Appellee.**

**On appeal from the 24th District Court
of DeWitt County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides**

Michael Anthony Evans, appellant, proceeding pro se and in forma pauperis, appeals the trial court's dismissal of his cause of action as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.003(a)(2) (Vernon 2002). By a single issue, Evans claims the trial court abused its discretion in dismissing his case. We affirm.

## I. BACKGROUND

On December 2, 2008, while he was incarcerated at the Stevenson Unit of the Texas Department of Criminal Justice ("TDCJ"), Evans filed a step one grievance against Wayne Tiffin, a law library officer, alleging that Tiffin disclosed his personal information to the other inmates and made offensive jokes about race, sex, and sexual orientation ("privacy grievance").[1] An investigation resulted in insufficient evidence, and the grievance officer determined that no further action on the part of TDCJ was warranted. Evans then filed a step two grievance; the ensuing investigation revealed no misconduct on Tiffin's behalf, and no further action was taken by TDCJ.

On December 3, 2008, Evans filed an additional step one grievance against Tiffin after Tiffin wrote a disciplinary charge against Evans for failing to follow an order to stand in a particular area of the prison yard ("retaliation grievance").[2] In this step one grievance, Evans asserted that he could not have violated an order because Tiffin did not actually issue an order. Evans argued that Tiffin used the word "if," which indicated to Evans that he had an option to either comply or not comply and that this did not amount to an order. The disciplinary charge was reversed and dismissed. Evans subsequently filed a step two grievance, which, in addition to complaints about the disciplinary action, alleged for the first time that Tiffin intentionally filed the false charge out of retaliation. Evans requested that Tiffin be disciplined, but Evans's request was denied as inappropriate, and the grievance was dismissed.

Evans sued Tiffin under 42 U.S.C. section 1983 and "pursuant to state[ ] common

---

[1] The privacy grievance is numbered 2009056175.

[2] The retaliation grievance is numbered 2009056966.

law and/or statutes that are not in conflict with the Constitution and laws of Texas." *See* 42 U.S.C. § 1983. Evans alleged that: (1) Tiffin violated his rights under the first and fourteenth amendments; (2) his rights, privileges and immunities of federal citizenship were violated; and (3) Tiffin was acting under color of state law.[3] U.S. Const. amend I, XIV. The trial court dismissed the case as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). This appeal ensued.

## II. STANDARD OF REVIEW

We follow an abuse of discretion standard of review to review "the dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs." *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.–Corpus Christi 2001, pet. denied) (citing *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied); *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex. App.–Dallas 1999, pet. denied); *McCollum v. Mt. Ararat Baptist Church, Inc.*, 980 S.W.2d 535, 536 (Tex. App.–Houston [14th Dist.] 1998, no pet.); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ)).

## III. THE RETALIATION GRIEVANCE

Before we address Evans's argument, we must determine, as Tiffin asserts, whether Evans failed to exhaust his administrative remedies regarding his retaliation grievance.

"[A] claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies." *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.–Fort

---

[3] In his petition, Evans asserted two claims: (1) retaliation, and (2) "that he was subjected to verbal abuse, verbal insults and violations of confidentiality rights of privacy . . . ." For discussion purposes, we have included these claims in our analysis of Evans's "retaliation grievance" and "privacy grievance," respectively.

3

Worth 2008, no pet.) (op. on reh'g) (noting that, when trial court dismisses claim as frivolous for having no basis in law without holding a hearing, the appellate court must determine whether the inmate's lawsuit had an arguable basis in law). "Section 501.008 of the [g]overnment [c]ode precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system." *Smith v. Tex. Dep't of Criminal Justice-Inst. Div.*, 33 S.W.3d 338, 341 (Tex. App.–Texarkana 2000, pet. denied); *see* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002). "The two-step 'Offender Grievance Program' is the sole source of administrative remedy for TDCJ inmates." *Crain v. Prasifka*, 97 S.W.3d 867, 868 & n.3 (Tex. App.–Corpus Christi 2003, pet. denied). Under the grievance program, the inmate must present his complaint in a step one grievance within fifteen days of the incident of which he is complaining, and he may appeal the ruling on his step one grievance by filing a step two grievance within fifteen days from the response to his step one grievance. *See id.*; *see also Wolf v. Tex. Dep't of Criminal Justice-Inst. Div.*, 182 S.W.3d 449, 450-51 (Tex. App.–Texarkana 2006, pet. denied) (citing TEX. DEP'T OF CRIMINAL JUSTICE, *Offender Orientation Handbook* 52 (rev. Nov. 2004), *available at* http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited July 28, 2010)).[4] An inmate has exhausted the remedies of the grievance system once he receives a written response to a step two grievance. *See* TEX. GOV'T CODE ANN. § 501.008.

"If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal

---

[4] The "Offender Orientation Handbook," which explains the grievance procedure, is not included in the record and was not provided to this Court by either party. *See* TEX. DEP'T OF CRIMINAL JUSTICE, Offender Orientation Handbook 52 (rev. Nov. 2004), *available at* http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited July 28, 2010).

4

even if the ground was not presented in a motion to dismiss." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied). An inmate must file both a step one and a step two grievance covering the same issue before he has exhausted the grievance procedure. *See Wilson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 268 S.W.3d 756, 759 n.1 (Tex. App.–Waco 2008, no pet.) (citing *Wolf*, 182 S.W.3d at 451; *Riddle v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 13-05-00054-CV, 2006 WL 328127, at *1 (Tex. App.–Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.)); *see also Randle v. Woods*, 299 Fed. App'x 466, 467 (5th Cir. 2008) (per curiam) ("Offenders are not allowed to present new issues in step two.").

In his reply brief, Evans argues that he exhausted his retaliation grievance. He directs this court to two additional step one grievances, which are not part of the trial court record and which indicate that they were returned because they were redundant in light of his retaliation grievance.[5] Because these documents are not part of the appellate record, we cannot consider them. *See James v. State*, 997 S.W.2d 898, 901 n.5 (Tex. App.–Beaumont 1999, no pet.) ("An appellate court must determine a case on the record as filed and cannot consider documents attached as exhibits or appendices to briefs or motions.") (citing *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.–Houston [14th Dist.] 1991, writ denied)). Evans also asserts that the "grievance codes" associated with his retaliation grievance indicate that his retaliation grievance included a retaliation claim. He contends that the "codes were issued by the grievance investigator" and that the codes are included in "TDCJ's Grievance Operation Manual."

---

[5] Evans filed step one grievance number 2009061140 and step one grievance number 2009061817 in an appendix to his reply brief. He asserts that these two grievances support his contention that he exhausted his retaliation grievance.

Evans directs this Court to a copy of the disciplinary case, which he included in the appendix to his reply brief. The "Grievance Operation Manual," the copy of the disciplinary case, and an explanation of the "grievance codes" are not part of the record; therefore, we cannot consider them. *Id.* Nowhere in step one of Evans's retaliation grievance does he argue that Tiffin filed the disciplinary case in retaliation against Evans. We conclude that there is no evidence in the record indicating that Evans asserted retaliation in step one of his retaliation grievance; thus, Evans did not exhaust his retaliation grievance, and the trial court did not abuse its discretion when it dismissed his retaliation claim. *See Leachman*, 261 S.W.3d at 311.

## IV. THE PRIVACY GRIEVANCE

Evans's privacy grievance included allegations that: (1) Tiffin impermissibly disclosed Evans's "financial documents . . . and his legal request to official forms . . . to other offenders that were inside the law library"; and (2) Tiffin verbally abused and verbally insulted Evans. Specifically, Evans complained in his petition as follows:

(1) [Tiffin] violated his fiduciary duty by verbally and physically disclosing [Evans's] financial and related personal matters to other offenders[;]

(2) [Evans] states that his financial and personal information that are/were contained, trusted [sic], managed and in the care of [Tiffin], is protected by confidentiality branch [sic] of state-common [sic] law right to privacy and TDCJ's policy[;]

(3) [Evans] states that his common state law right to privacy has been violated in the deliberately [sic] disclosure of financial and related personal information . . . to other offenders without his consent[;]

(4) [Evans] states that [Tiffin] failed to act in good faith and in the best interest in [the] handling, management and trust of [Evans's] financial

6

information and related personnel matters[;]

(5) [Evans] states that [Tiffin's] comments and jokes that consisted of sexuality, homosexuality and racial epithet [sic][,] which . . . occurred over several months, caused [Evans] humiliation, embarrassment, and mental distress[;]

(6) [Tiffin] violated his fiduciary duty and TDCJ's policy as TDCJ's officer by discussing and relating (i.e., [sic] verbally telling) jokes to offenders and TDCJ's employees that consisted of sexuality, homosexuality and racial epithet [sic][;]

(7) [Evans] states that the verbal abuse and insults which consisted of sexuality, homosexuality and racial epithet [sic] present a claim within the ambit of common-state [sic] law[;] [and]

(8) [d]uring the investigation, [Tiffin] has conceded to [Tiffin's] unprofessional and improper conduct in regards to [Tiffin's] jokes.

Evans argues that the trial court erred by dismissing these claims as frivolous.

"The trial court has broad discretion to dismiss an inmate's claim as frivolous." *Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.–Corpus Christi 2008, no pet.) (citing *Jackson v. Tex. Dep't of Crim. Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied)). A court may dismiss a claim as frivolous when there is slight chance of success, there is no arguable basis in law or in fact, the party is clearly unable to prove the facts that support the claim, or when the claim arises from the same operative facts as another claim. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b).

Evans claims, in part, that Tiffin violated his right to privacy under the Texas constitution and common law. *See* TEX. CONST. art. I, § 9 ("The people shall be secure in

7

their persons, houses, papers and possessions, from all unreasonable seizures or searches . . . ."); *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973) (recognizing that under the common law "an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted"); *see also Reyna v. Castillo*, No. 04-03-00747-CV, 2004 WL 782611, at *2 (Tex. App.–San Antonio Apr. 14, 2004, no pet.) (mem. op.) (stating "even if prisoners do retain some Fourth Amendment rights after incarceration, the right to privacy is, at best, very minimal"). "To establish a claim for invasion of privacy, the complaining party must prove (1) an intentional intrusion, physically or otherwise, upon his solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Reyna*, 2004 WL 782611, at *2 (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)).

Evans asserted in his privacy grievance that Tiffin held up a stack of Evans's documents, exposing the documents to other inmates present at the time. Tiffin allegedly stated, "Evans, all of this pertains to you requesting and sending documents to the courts." At another time, Evans attempted to procure another document from Tiffin that Evans needed to file with a court. Tiffin allegedly said, "[Y]ou'll [sic] a liability to TDCJ" and then commented about the filing of frivolous claims. Evans does not demonstrate how he has a right to privacy in these documents, and we are unable to find such a privacy right. Evans does not discuss how disclosure of these documents violates an inmate's right to privacy, which is, at best, "very minimal." *Id.* (citing *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)). For these reasons, we conclude that Evans had no arguable basis in law or fact for his claims that Tiffin violated his common law right to privacy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(3); *see also State v. Scheineman*, 77 S.W.3d 810, 812

8

(Tex. Crim. App. 2002) ("'[I]t is accepted by our society that '[l]oss of freedom of choice and privacy are inherent incidents of confinement.'") (quoting *Hudson v. Palmer*, 468 U.S. 517, 528 (1984)).

Evans next argues that Tiffin violated his "fiduciary duty" when Tiffin disclosed private information about Evans. Evans does not provide this Court with any citations to case law or statute providing that Tiffin had a fiduciary duty to Evans, and we can find none. Thus, we are not persuaded by this argument. *See* TEX. R. APP. P. 38.1(i); *see also Lutz v. Collins*, No. 04-08-00496-CV, 2009 WL 330958, at *4 (Tex. App.–San Antonio Feb. 11, 2009, pet. denied) (mem. op.) ("A party asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support his or her contentions.").

Finally, Evans argues that Tiffin verbally abused and insulted him and made obscene jokes and racial epithets. Evans does not refer us to any case law or statute prohibiting such language in a prison. Further, Evans's entire argument in his brief to this Court is that he is not bringing this claim under section 1983 but under "the common law statute." *See* 42 U.S.C. § 1983; *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'") (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). Evans's argument has no support. *See* TEX. R. APP. P. 38.1(i); *see also Lutz*, 2009 WL 330958 at *4. The trial court did not err by dismissing Evans's privacy claim. We overrule Evans's single issue.

## V. CONCLUSION

Having overruled Evans's appellate issue, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of August, 2010.