**Pearl Ardoin McGEE, Individually and as Dative Administratrix, Etc., et al., Plaintiffs-Appellants,**

v.

**O & M BOAT COMPANY, Inc., Defendant-Appellee.**

No. 26785.

United States Court of Appeals
Fifth Circuit.
June 9, 1969.

---

Caliste Beard, Jr., Lafayette, La., George J. Garzotto, New Orleans, La., for appellants.

James Dubuisson, Opelousas, La., Rufus C. Harris, Jr., Benjamin W. Yancey, Terriberry, Carroll, Yancey & Farrell, John A. Bolles, New Orleans, La., for appellee.

Before WISDOM and MORGAN, Circuit Judges, and DAVIS,* Judge of United States Court of Claims.

PER CURIAM:

This is an appeal from a judgment on a jury verdict in favor of O & M Boat Co. in an action brought by Pearl McGee under the Jones Act, 46 U.S.C. § 688 for recovery for the death of her husband, Iray McGee. Iray McGee was employed by O & M Boat Co. as a deckhand on its tug, the Captain Willie. On January 11, 1965, Iray McGee injured his right ankle while working on the Captain Willie. He was taken to a doctor who treated him for a slight contusion of the right ankle.

Iray McGee did not return to work after the doctor treated him, but went home. He received out-patient treatment. On February 21, 1965, he was taken to Lafayette Charity Hospital in a coma. He remained comatose until his death later that same day. The death certificate prepared by Dr. J. P. Levasseur of the Lafayette Charity Hospital recited that Iray McGee died of cardiorespiratory failure due to medicinal ingestion.

Pearl McGee raises two points on appeal, neither of which we find meritorious. First, Mrs. McGee alleges that the district judge erred in submitting the cause of death to the jury since O & M Boat Co. had conceded that the cause of death, as alleged by the plaintiff, by making the death certificate a part of its answer. O & M Boat Co. averred, in its answer, that Iray McGee's death was due to causes unrelated to any accident which might have occurred aboard the Captain Willie. At the time O & M Boat Co. filed the answer, it had no other information on the cause of Iray McGee's death. At the trial, however, O & M Boat Co. submitted substantial evidence that McGee's death was not caused by medicinal ingestion.

In these circumstances we are unable to say that Pearl McGee was prejudiced by submission of the cause of death to the jury. We note first that the jury did not reach the cause-of-death issue since they found no negligence on the part of O & M Boat Co. In any event, assuming the death certificate was a judicial admission as to the cause of death, the district judge may, in a proper exercise of discretion, relieve a party of the adverse consequences of a judicial admission. See New Amsterdam Cas. Co. v. Waller, 4 Cir.1963, 323 F.2d 20; The Doyle, 3 Cir.1939, 105 F.

* Sitting by designation.

2d 113; 9 Wigmore, Evidence § 2590 (3d ed. 1940). There was a substantial question here whether the death certificate correctly recited the cause of death. The district judge did not abuse his discretion in submitting this issue to the jury.

Mrs. McGee complains also that various parts of the district court's charges to the jury were erroneous. Taking the charge as a whole, we find that it was not erroneous.

The judgment is affirmed.