**Dale E. ROBINSON, Plaintiff–Appellant,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

**No. 99–5741.**

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Dale Elton Robinson, a federal prisoner proceeding pro se, appeals a district court order dismissing his action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Robinson sued the Corrections Corporation of America ("CCA"), a private corporation that operates the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, where Robinson was incarcerated when he filed his complaint. Robinson alleged that the CCA caused him to have panic attacks and crying spells by housing him in a dormitory with fifty other inmates even though his mental condition necessitated an individual cell. The district court granted Robinson in forma pauperis status, screened the complaint, and dismissed it as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The court concluded, *inter alia*, that Robinson had no claim under either the Eighth Amendment or the Americans with Disabilities Act ("ADA") because he did not allege any physical injury.

In his timely appeal, Robinson argues that: (1) he has a valid Eighth Amendment claim against the CCA; (2) the district court judge relied improperly on knowledge acquired in a separate proceeding; and (3) he suffered physical injuries.

Initially, we note that Robinson's request for injunctive relief is moot because he is no longer incarcerated at the WTDF. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we conclude that the district court properly dismissed Robinson's claim for monetary relief as frivolous. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This bar applies to statutory as well as constitutional claims. *Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376–77 (7th Cir.2000). In addition, a physical injury must be more than de minimis to support a claim for mental or emotional suffering under the Eighth Amendment and § 1997e(e). *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.1999), *modified by*, 216 F.3d 970 (11th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001) (No. 00–484); *Harper v. Showers*, 174 F.3d 716, 719–20 (5th Cir. 1999). Robinson alleged that he suffered emotional distress, embarrassment, humiliation, and itching, and requested $700,000 in damages. Because he suffered at most only de minimis physical injury, Robinson had no claim for relief under either the Eighth Amendment or the ADA. Accordingly, his complaint lacked an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Robinson's argument that he did suffer physical injuries is without merit. He now contends that the prison environment

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

caused him vomiting, stomach disorders, headaches, and exacerbated his heart condition, high blood pressure, and ulcers. These allegations are not part of the district court record and cannot be considered by this court on appeal. *See* Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993).

Because Robinson's claim for injunctive relief is moot and his claim for monetary damages is barred by 42 U.S.C. § 1997e(e), we need not address Robinson's remaining arguments on appeal. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.