# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10368
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2013

Lyle W. Cayce
Clerk

RODNEY O. HAGGARD,

Plaintiff - Appellant

v.

BANK OF THE OZARKS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-800

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Rodney O. Haggard ("Haggard") appeals the district court's grant of summary judgment in favor of Bank of the Ozarks, Inc. (the "Bank") on his claim for a declaratory judgment and the Bank's counterclaim for breach of guaranty. Haggard also appeals the district court's denial of his motion for judgment on the pleadings. We AFFIRM in part and REMAND for modification of the judgment in accordance with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10368

## I.     Background

The Bank loaned McKinney Meadows L.P. ("McKinney Meadows") $1,600,000 for the purchase of a tract of real property (the "Loan"). As part of the transaction, McKinney Meadows executed a promissory note payable to the Bank (the "Note") and Haggard, who was a limited partner in McKinney Meadows, executed a limited guaranty of the Note (the "Guaranty"). Under the Guaranty, Haggard's liability on the Note as a guarantor was "limited to the last to be repaid $500,000 of the principal balance of the Loan and all accrued and unpaid interest thereon."

After McKinney Meadows defaulted on the Note, Haggard brought the instant action, seeking a declaratory judgment that he had no liability to the Bank under the Guaranty until the unpaid principal balance of the Note was reduced to no more than $500,000. The Bank counterclaimed for breach of the Guaranty, denying  that Haggard's liability under the Guaranty accrued only when the unpaid principal balance of the Note was reduced to no more than $500,000 and contending that $500,000 was immediately due and owing under the Guaranty. In its answer, the Bank stated that "there remains due and owing from McKinney Meadows to the Bank a sum in excess of $1.6 million."

The parties cross-moved for summary judgment. The district court granted in part the Bank's motion for summary judgment, concluding that payment was immediately due regardless of whether the balance of the Loan had been reduced to no more than $500,000. Haggard moved for leave to file an amended complaint to add a supplemental Texas state law claim, which the district court denied. Thereafter, Haggard appealed the grant of summary judgment and the denial of his motion for leave to file an amended complaint.

On appeal, we vacated the grant of summary judgment, concluding that the district court should have applied "the construction [of the Guaranty] which is most favorable to" Haggard. *Haggard v. Bank of the Ozarks, Inc.*, 668

2

No. 13-10368

F.3d 196, 201 (5th Cir. 2012) (internal quotation marks omitted) ("*Haggard I*").
We also affirmed the district court's denial of Haggard's motion for leave to file
an amended complaint.

On remand, the Bank again moved for summary judgment.  The Bank
asserted that it had subsequently "forgiven all but the last $500,000.00 in
principal remaining on the Loan" and that Haggard was therefore liable under
the Guaranty for the remaining $500,000 in principal and all interest accrued
thereon.  Haggard moved for judgment on the pleadings.  The district court
denied Haggard's motion and granted summary judgment in favor of the Bank.
Haggard appeals.

## II.    Standard of Review

We review a district court's award of summary judgment *de novo*,
applying the same standard as the district court.  *Trinity Universal Ins. Co. v.
Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010).  Summary judgment
is appropriate when there is "no genuine dispute as to any material fact and
the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).
The evidence must be viewed in the light most favorable to the non-moving
party.  *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir.
2006).

We review a district court's ruling on a motion for judgment on the
pleadings *de novo*, applying the same standard as a motion to dismiss.  *See Doe
v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); FED. R. CIV. P. 12(c).  We
accept a complaint's well-pleaded facts as true and view them in the light most
favorable to the non-moving party.  *Doe*, 528 F.3d at 418.  "To avoid dismissal,
a plaintiff must plead sufficient facts to state a claim to relief that is plausible
on its face."  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal
quotation marks omitted).  We review rulings on evidentiary objections for

3

No. 13-10368

abuse of discretion. *See McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008).

### III.    Discussion

Haggard argues that the district court erred in granting summary judgment in favor of the Bank and denying his motion for judgment on the pleadings on the Bank's counterclaim for four reasons: (a) the Bank's evidence was inadmissible and incompetent; (b) the Bank is bound by its judicial admission as to the amount of the unpaid principal balance due on the Note; (c) the Bank's counterclaim was not ripe for adjudication; and (d) the Bank's counterclaim is barred by res judicata.  All of these arguments fail.

In our prior opinion, we expressly noted Haggard's contention that the principal amount must be reduced by payment or "forgiv[eness]" to $500,000. *Haggard I*, 668 F.3d at 201.    Haggard argues that the Declaration of Christopher Stringer, the President of the Bank's North Texas Division (the "Stringer Declaration"), should not have been admitted to prove forgiveness. We have previously rejected the same arguments Haggard raises here in similar contexts.  *See Dalton v. FDIC*, 987 F.2d 1216, 1223 (5th Cir. 1993); *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992); *see also FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 n.12 (5th Cir. 1992) (explaining that an affiant can acquire personal knowledge of activities in which he has not actually participated from reviewing his organization's records). The district court was well within its discretion to accept the Stringer Declaration as sufficient admissible evidence of the unpaid principal balance due on the Note.[1]  *See McIntosh*, 540 F.3d at 320.

---

[1] Haggard also theorizes that the Bank has not forgiven the unpaid principal balance on the Note in excess of $500,000, but has merely "written off" that portion of the debt. However, he offers no evidence to support this belief.  In opposing a motion for summary judgment, "it does not suffice for [nonmovants] merely to state that the [ ] allegations, backed up with affidavits, might be in error."  *Camp*, 965 F.2d at 29.

No. 13-10368

Second, Haggard contends that the Bank is bound by its admission in its answer that the unpaid principal on the Note is in excess of $1.6 million and cannot therefore maintain that it has reduced the unpaid principal balance of the Note to no more than $500,000.  "Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) (internal quotation marks omitted).  However, a district court "may, in a proper exercise of discretion, relieve a party of the adverse consequences of a judicial admission." *McGee v. O & M Boat Co.*, 412 F.2d 75, 76 (5th Cir. 1969).  The alleged judicial admission was at a time several years ago.  Unlike a past event or past date, loan balances frequently change over time as interest accrues and payments are made.  For example, here, it is uncontested that the Bank sold the collateral after its "admission," reducing the principal balance.  The Bank proffered evidence that it forgave the remaining difference between the principal balance and $500,000.  Therefore, to the extent it was even necessary, a point we need not decide, the district court was well within its discretion in relieving the Bank of the consequences of its earlier judicial admission, relief which the Bank had specifically requested.

Third, Haggard argues that the district court lacked subject-matter jurisdiction over the Bank's counterclaim because it was not ripe at the time of filing.  This argument confuses the concept of "ripeness" with the  concept of prevailing on the merits.  Here, the Bank claimed when it filed the counterclaim that it was immediately entitled to relief on the Guaranty.  That claim was ripe, even though it proved to be incorrect.  On its face, it did not rest on "contingent future events," as it alleged that Haggard had already breached under its construction of the Guaranty.  *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 580 (1985) (internal quotation marks omitted).  Our holding in *Haggard I* that the district court should have applied

5

No. 13-10368

Haggard's construction of the Guaranty did not render the Bank's counterclaim unripe retroactively.

Fourth, Haggard contends that the Bank's counterclaim is barred by res judicata because it failed to raise its counterclaim in a separate proceeding filed by Haggard against the Bank.[2] *See Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004) ("When two suits proceed simultaneously, as in this case, res judicata effect is given to the first judgment rendered."). However, only compulsory, and not permissive, counterclaims are subject to res judicata. *See Dillard v. Sec. Pac. Brokers, Inc.*, 835 F.2d 607, 608-09 (5th Cir. 1988). The Bank's counterclaim was not a compulsory counterclaim in the separate action because the counterclaim had been asserted in this action. *See* FED. R. CIV. P. 13(a)(2) ("The pleader need not state the claim if . . . when the action was commenced, the claim was the subject of another pending action."). Haggard argues that the Bank's counterclaim was never properly asserted in this action because it was unripe. For the reasons already stated, this argument fails.

Haggard separately argues that the district court erred in granting summary judgment in favor of the Bank and denying his motion for judgment on the pleadings on his claim for declaratory relief because those holdings contravened *Haggard I*. We need not reach this issue, however, because we conclude that Haggard's claim for declaratory relief is moot. A claim for declaratory judgment seeks to define the legal rights and obligations of the

---

[2] While his first appeal was pending, Haggard filed a second case against the Bank in which he asserted the state law claim that Haggard had unsuccessfully sought to add in this action. *See Haggard v. Bank of the Ozarks, Inc.*, No. 3:11-cv-601-M (N.D. Tex.). The Bank did not counterclaim for recovery under the Guaranty in that action and instead moved for summary judgment on Haggard's claim. The district court stayed that action pending the outcome of the first appeal. After *Haggard I*, the district court then granted summary judgment in favor of the Bank and entered a final judgment dismissing Haggard's claim with prejudice.

6

parties in anticipation of some future conduct, not to proclaim liability for a past act. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). It therefore can be mooted by subsequent developments. *See Fla. Bd. Of Bus. Regulation v. NLRB*, 605 F.2d 916, 918 (5th Cir. 1979). Here, because the Bank subsequently reduced the unpaid principal balance due on the Note to no more than $500,000 after Haggard prevailed in *Haggard I*, Haggard's claim for declaratory relief has been rendered moot. Indeed, it has obtained the relief it sought. We therefore agree that the district court's order should be modified to reflect that Haggard's claims are dismissed as moot.

Haggard also argues that the district court erred in its calculation of the interest accrued on the "last to be repaid $500,000" of the Loan for which he is liable under the Guaranty. The district court awarded the Bank accrued and unpaid interest in the amount of $70,828.77 as of May 4, 2012, with interest accruing at the rate of $92.4658 per day. The district court calculated interest as accruing on the "last to be repaid $500,000" from the inception of the Loan. However, Haggard argues that he is only liable for interest accruing after the Bank reduced the unpaid principal balance on the Note to no more than $500,000. Because the Guaranty provides that Haggard is liable for "the last to be repaid $500,000 of the principal balance of the Loan and *all* accrued and unpaid interest thereon from time to time," the district court did not err in its interest calculation. Interest accrues on the unpaid principal from the inception of the Loan; it does not separately accrue under the Guaranty. Haggard is therefore liable under the Guaranty for all interest accrued on the "last to be repaid $500,000" of the Loan from its inception.

Finally, Haggard contends that the district court erred in its amended final judgment, because it failed to credit Haggard $7915, representing the premium he paid to post the supersedeas bond in connection with the first appeal. The district court had previously entered an order awarding Haggard

No. 13-10368

these costs, but in its amended final judgment made no provision for the recovery of these costs, instead providing that Haggard "shall recover nothing on his claims against the Bank." The Bank agrees that Haggard is entitled to a credit for these costs. We therefore agree that the final judgment should be modified to include a credit for this amount.

Because Haggard has failed to perform, the Bank is entitled under the Guaranty to recover "all reasonable costs and expenses (including court costs and reasonable attorneys' fees to the extent enforceable under the laws of the State of Texas) incurred" in connection with its enforcement. A fee award remains under advisement with the district court, and we express no opinion on the amount to be awarded.

AFFIRMED in part; REMANDED for modifications to the judgment in accordance with this opinion..