# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10633

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

LAWRENCE ELBERT EDLER,

Plaintiff–Appellant,

versus

HOCKLEY COUNTY COMMISSIONERS COURT; CURTIS D. THRASH;
LARRY CARTER; JOSEPH L. BARNETT; THOMAS CLEVENGER;
SHERIFF (RETIRED) KEVIN DAVIS;
CAPTAIN  ROBERTSON, (Jail), Sheriffs Department;
OFFICER CISC, Sheriffs Department;
OFFICER  DELEON, Sheriffs Department;
OFFICER  CAVAZOS, Sheriffs Department;
OTHER OFFICERS TO BE NAMED, Sheriffs Department;
DOCTOR NADIA TOOR, M.D., Southwest Rural Health Clinic,

Defendants–Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-168

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Lawrence  Edler,  proceeding  *pro  se*  and  *in  forma  pauperis*  ("IFP"),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10633

appeals the dismissal of his 42 U.S.C. § 1983 action seeking compensatory damages and injunctive relief for civil rights violations that he claims occurred during his confinement at Hockley County Jail.  He alleges that he was denied constitutionally adequate medical care and that officers used excessive force and discriminated against him in violation of the Americans with Disabilities Act ("ADA").

After conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), the district court[1] dismissed the claims with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.  Because the court properly dismissed part of the action but erroneously dismissed claims that arguably state a constitutional violation, we affirm in part, reverse in part, and remand.

I.

A district court is required to dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief.[2]  A dismissal as frivolous pursuant to § 1915(e)(2)(B)(i), which specifically applies to IFP actions, is reviewed for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam).  It is uncertain whether the proper standard of review for a dismissal as frivolous pursuant to § 1915A(b)(1) is abuse of discretion or *de novo*.[3]  We need not decide that, because the proper standard of review in this case is abuse of discretion under § 1915(e)(2)(B)(i).

---

[1] The magistrate judge served as the district court by consent under 28 U.S.C. § 636(c).

[2] §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1).  *See Jones v. Bock*, 549 U.S. 199, 202 (2007) ("[T]he [Prison Litigation Reform Act] mandates early judicial screening of prisoner complaints . . . .").

[3] *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012) (declining to resolve the question because the appeal failed under both standards); *see also Jackson v. Mizzel*, 361 F. App'x 622, 625 & n.7 (5th Cir. 2010) (per curiam) (same).

No. 13-10633

Edler is proceeding IFP, so we apply the abuse-of-discretion standard of review of the more specific provision. Section 1915(e)(2)(B)(i) pertains specifically to IFP actions, and § 1915A(b)(1) applies to any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A familiar cannon of statutory construction counsels that the more specific provision in a statute should prevail over the more general.[4]

Furthermore, applying the abuse-of-discretion standard to the dismissal of an IFP action as frivolous comports with *Denton v. Hernandez*, 504 U.S. 25, 27 (1992), in which the Court explained that the federal IFP statute, which allows an indigent litigant to sue in federal court without paying administrative costs, protects against abuses by allowing a district court to dismiss the case as frivolous. "Because the frivolousness determination is a discretionary one . . . a § 1915(d) dismissal is properly reviewed for an abuse of that discretion . . . ." *Id.* at 33.

"An IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib*, 138 F.3d at 213. Examples of "clearly baseless" factual

---

[4] *In re Armstrong*, 206 F.3d 465, 471 (5th Cir. 2000) ("A provision must be considered in context . . . and the more specific provision within a statute prevails.").

No. 13-10633

allegations "are claims describing fantastic or delusional scenarios."[5]

## II.

Edler alleges that he was denied constitutionally adequate medical care during alcohol withdrawal and that officers used excessive force. Edler was arrested on July 10, 2011, and brought to the jail. According to the intake records, he said that he was about to experience delirium tremens,[6] was not taking any medications, and had received mental health and mental retardation ("MHMR") services seven years previously. He stated that when he was undergoing alcohol withdrawal, he heard noises or voices that other people did not seem to hear. At the *Spears* hearing, he testified that, before experiencing symptoms, he informed Officer Cisc multiple times that he would need medical attention during withdrawal.

Edler testified that he hallucinated during withdrawal and does not remember what happened. In his complaint he described waking up on about July 14:

> When I came to my senses, I was naked in their "rubber room" and barely able to rise from the floor. I had a 7 [inch] gash on my left shin bone and my left big toe nail was sticking straight up—holding on by the cuticle. My left shoulder felt like it had been twisted off and my right kidney area was deeply bruised. My socks and underwear had been destroyed for blood contamination . . . . My lower leg and foot were covered in dried blood.

Edler claims that officers beat and stripped him while he was undergoing alcohol withdrawal. He does not know the identity of the officers but asserts that

---

[5] *Hernandez*, 504 U.S. at 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 328 (1989)); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).

[6] Delirium tremens refers to "a severe, sometimes fatal, form of [delirium] due to alcohol withdrawal following a period of sustained intoxication." STEDMAN'S MEDICAL DICTIONARY 506 (28th ed. 2006).

No. 13-10633

he could make that determination through discovery. He testified that jail staff told him that he had injured himself.

There is no indication in the jail records that medical personnel were consulted during Edler's withdrawal. His brief says that while he was waking up from withdrawal, a female guard gave him some pills and a cup of water and said "these will help." After recovering from withdrawal, he was moved to an isolation cell and received hydrogen peroxide for his wounds. He was placed on suicide watch for about four days after his withdrawal symptoms had ended.

## A.

Pursuing an "episodic-act-or-omission" legal theory, Edler challenges the adequacy of his medical treatment. Under that theory, a plaintiff must prove that an official acted or failed to act with deliberate indifference to the detainee's serious medical needs. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 636 (5th Cir. 1996) (en banc). It is well established that "delirium tremens is a serious medical need." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001) (collecting cases).

Deliberate indifference "means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." *Id.* at 458–59. "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 458–59.

The district court abused its discretion by dismissing Edler's episodic-act-or-omission claim as frivolous. The court concluded that "the responses to Edler's complaints were at least reasonable in light of Defendants' other

No. 13-10633

responsibilities," and his allegation does not "rise to the level of deliberate indifference." The *Spears* hearing, however, "is not a trial on the merits; it is in the nature of an amended complaint or a more definite statement." *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990).

There are no medical records in the district-court record, and no indication in the jail records that any medical personnel were consulted while Edler experienced delirium tremens, even when he suffered such injuries that his socks and underwear had to be destroyed because they were saturated with blood. Jail records corroborate Edler's allegation that he told an officer that he was about to experience delirium tremens. Because his claim is not based on an indisputably meritless legal theory or clearly baseless facts, it was error to dismiss it as frivolous.

B.

Edler also challenges the adequacy of his medical treatment under a "condition-of-confinement" theory. He claims that Retired Sheriff Kevin Davis, the Hockley County Commissioners' Court, and its individual members had a policy or practice of not providing constitutionally adequate medical care to detainees during alcohol withdrawal. Specifically, Edler alleges that he and other prisoners were injured by the policy of having no on-site medical personnel at the jail and that Davis allowed jailers to ignore prisoners' medical needs. At the *Spears* hearing, Edler testified that there were no medical personnel on staff at the jail, and the medical clinic was six to eight blocks away.

In a conditions-of-confinement case, the plaintiff must prove (1) a rule or restriction, an intended condition or practice, or a *de facto* policy as evidenced by sufficiently extended or pervasive acts of jail officials, (2) not reasonably related to a legitimate governmental objective, and (3) that violated his constitutional rights. *Hare*, 74 F.3d at 645; *Shepherd v. Dallas Cnty.*, 591 F.3d 445,

No. 13-10633

452, 454–55 (5th Cir. 2009). To establish the first prong, a detainee challenging jail conditions must show more than an isolated incident; he "must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs." *Shepherd*, 591 F.3d at 454.

The district court abused its discretion by dismissing Edler's conditions-of-confinement claim as frivolous. The court concluded that the allegations "do not suggest a pervasive pattern" of serious deficiencies and that Edler has "not indicate[d] that the decision to provide off-site medical staff instead of on-site medical staff is not reasonably related to a legitimate governmental objective." Edler has asserted more than just the denial of medical care to him—he has alleged that there is a *de facto* policy of not providing for the medical needs of any detainees undergoing alcohol withdrawal. Although he has not clearly alleged that the policy is not reasonably related to a legitimate governmental objective, as a *pro se* litigant he should have been given an opportunity to amend his complaint. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam).

Alternatively, the court dismissed this claim on the ground that "Edler has not alleged that Davis, the Hockley County Commissioners Court, or its members were deliberately indifferent to Edler's medical needs." The court erred in requiring deliberate indifference: For a conditions-of-confinement claim, unlike an episodic-act-or-omission claim, a plaintiff is not required to prove deliberate indifference. *Duvall v. Dallas Cnty., Tex.*, 631 F.3d 203, 207 (5th Cir. 2011) (per curiam) (citing *Hare*, 74 F.3d at 644).

## C.

Edler contends that officers used excessive force while he was undergoing alcohol withdrawal. A pretrial detainee has a right not to be subjected to excessive use of force. *See Hudson v. McMillian*, 503 U.S. 1, 5–10 (1992);

No. 13-10633

*Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). To prove excessive force, he must show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Claims of excessive force involve a fact-intensive inquiry. *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).

The district court abused its discretion by dismissing Edler's excessive-force claim as frivolous. The court concluded that Edler has "failed to provide any more than the bare allegation" and consequently does "not state a constitutional violation." Edler was injured during alcohol withdrawal and alleges that several named and unnamed jailors caused his injuries. Although this claim may be improbable, the allegations are not clearly baseless, and it was error to dismiss this claim as frivolous. "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is [improper]." *Hernandez*, 504 U.S. at 33.

III.

Edler alleges that he was denied constitutionally adequate medical care for serious psychological and physical needs throughout his six-month stay at the jail. He avers that he was given out-of-date prescription bipolar medication that was brought to the jail by his sister. He claims that he was overmedicated and not allowed to control his dosage such that he pleaded guilty of a crime that he had not committed.[7] He further maintains that the defendants ignored doctors' warnings about his psychiatric care and improperly refilled his prescription because he did not first receive blood tests or meet with a psychiatrist. Edler alleges that he never saw an MHMR doctor despite making multiple

---

[7] Edler's motion to file a habeas corpus petition was granted on February 7, 2013.

No. 13-10633

requests in writing.

Edler was screened at intake on July 10, 2011, for psychiatric conditions and testified that he had medical appointments at an off-site clinic on August 8 and November 16. Jail records show that he repeatedly requested refills of his psychiatric medication and complained in writing when deliveries were disrupted. According to the records, the prescriptions were filled a week after he notified jail staff of the mistake. The records also show that he repeatedly refused his evening medication. At the *Spears* hearing, he testified that blood and lithium tests performed in December returned normal results and that he did not sustain any physical injuries from the psychiatric care.

On August 28, Edler complained in writing that his mattress was causing bed sores on both hips. Two days later, Captain Robertson offered to have the mattress swapped out for a newer one. Edler complained in writing about shoulder pain on November 8. A sergeant responded two days later, and Edler testified that he received a medical appointment at an off-site clinic on November 16.

On December 1, Edler again requested medical treatment for bed sores and shoulder pain. Jail staff checked him the following day and noted no bed sores on any part of his body. Nevertheless, the records show that ibuprofen was provided to him twice daily from December 6 until his transfer to the custody of the state prison system. On January 1, 2012, Edler requested another doctor's appointment for his shoulder and was told the following day that one would be made. He was transferred to state custody on January 10, and he states in his brief that "[x]-rays and MRI referral was made upon intake screening." He testified that x-rays of his shoulders did not show any damage.

To succeed on these claims, Edler must prove that the officials acted with deliberate indifference, which requires proving that "the official's response indicates the official subjectively intended that harm occur." *Thompson*, 245

F.3d at 458–59. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The district court did not abuse its discretion by dismissing Edler's claims of inadequate psychological and physical care. Edler testified that in addition to medical screening in July and January, he was taken to doctor's appointments at an off-site clinic in August and November. He received medication regularly, and officers responded promptly to each of his thirty-two written requests. On these facts, the court did not abuse its discretion in concluding that "Edler's allegations do not indicate that Defendants were deliberately indifferent" and in dismissing his claims as frivolous.

Furthermore, the court properly dismissed Edler's claims of inadequate psychological care because, as he testified, he did not suffer physical injury. Absent a physical injury, a prisoner in a federal civil action cannot recover compensatory damages for a constitutional violation. 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 376 (5th Cir. 2005) (per curiam).

## IV.

Edler asserts that officers discriminated against him by housing him in isolation for months and denying him access to MHMR doctors in violation of the ADA. Edler claims he verbally requested to be moved to the general population, and Officer Robinson replied that he could not be in the general population because of the medications he was taking and "because [he] was bipolar and he might go crazy on somebody." He testified that despite making thirty-two formal written requests at the jail, he never formally requested to be moved out of isolation. The district court found that jail records showed that Edler admitted trying to sell his psychiatric medication to other prisoners.

No. 13-10633

The ADA prohibits discrimination in the receipt of public benefits on the basis of a disability. 42 U.S.C. § 12132. To recover compensatory damages, Edler must first prove intentional discrimination. *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002). He must also prove physical injury in accordance with 42 U.S.C. § 1997e(e).[8]

The district court did not abuse its discretion by dismissing Edler's claim of discrimination under the ADA. Edler has not alleged any physical injury resulting from discrimination, so he cannot recover compensatory damages, and under *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), punitive damages are barred.

The judgment is REVERSED as to Edler's claims of excessive force and denial of adequate medical treatment during alcohol withdrawal, AFFIRMED in all other respects, and REMANDED for further proceedings as needed. We express no view on what decisions the district court should make on remand.[9]

---

[8] *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376–77 (7th Cir. 2000) (holding that the physical-injury requirement of § 1997e(e) applies to claims for compensatory damages under the ADA); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383–84 (6th Cir. 2001) (same); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1223–24 (9th Cir. 2008) (same).

[9] To the extent that Edler still seeks appointment of appellate counsel, we agree with this court's previous denial of that. In a civil case, an attorney should be appointed only under exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). On remand, the district court is free to consider whether, under that steep standard, appointed counsel is now warranted.