# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2019

Lyle W. Cayce
Clerk

No. 18-20698
Summary Calendar

JARROD FLAMING,

Plaintiff - Appellant

v.

ALVIN COMMUNITY COLLEGE, being sued in its Individual and Official Capacities,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1074

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Jarrod Flaming, Texas prisoner # 1679601, challenges the district court's dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of his Americans with Disabilities Act (ADA) and Rehabilitation Act claims against Alvin Community College (ACC). He alleged ACC failed to accommodate his disabilities (visual and learning

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-20698

impairments) in classes he took while incarcerated and requested declaratory, injunctive, and compensatory relief.  The court dismissed his declaratory and injunctive claims as moot because he had graduated; his compensatory claims, as barred by 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . .".).

On appeal, Flaming has expressly abandoned his injunctive claim. Whether his remaining claims were properly dismissed is reviewed *de novo*. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citation omitted). Review is limited to the contentions Flaming preserved in district court.  *See Morris v. Livingston*, 739 F.3d 740, 752–53 (5th Cir. 2014) (citation omitted). To preserve a contention, a litigant must have presented it "to such a degree that the district court ha[d] an opportunity to rule on it".  *Rosedale Missionary Baptist Church v. New Orleans*, 641 F.3d 86, 89 (5th Cir. 2011) (citation omitted).  Because the ADA and Rehabilitation Act have parallel remedies, "[j]urisprudence interpreting either . . . is applicable to both".  *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (citation omitted).

The court properly dismissed as moot Flaming's declaratory claim, which sought a declaration ACC had violated his ADA and Rehabilitation Act rights. A claim is moot "where the cause of action is no longer live".  *Henschen v. City of Houston*, 959 F.2d 584, 587 (5th Cir. 1992) (citation omitted).  "A claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not to proclaim liability for a past act." *Haggard v. Bank of the Ozarks, Inc.*, 547 F. App'x 616, 620 (5th Cir. 2013) (per curiam) (citation omitted).  Because Flaming was no longer a student following his graduation, he no longer had an interest in a court's

declaring any right to accommodations.  *See, e.g., Moseley v. Bd. of Educ. of Albuquerque Pub. Sch.*, 483 F.3d 689, 692–93 (10th Cir. 2007) (holding student's ADA and Rehabilitation Act declaratory-judgment action moot following his graduation because declaration would "have no effect on the present or future actions of either party").

The district court also properly dismissed Flaming's compensatory claim. Although he contended in district court that the ADA is categorically beyond § 1997e(e)'s bar, our court has required "pro[of]" of "physical injury resulting from discrimination" to "recover [ADA] compensatory damages".  *See Edler v. Hockely Cty. Comm'rs Ct.*, 589 F. App'x 664, 671 & n.8 (5th Cir. 2014) (per curiam) (citing *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1223–24 (9th Cir. 2008); *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376–77 (7th Cir. 2000); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383–84 (6th Cir. 2001)).  Flaming's complaint does not allege physical injury.

Along that line, we do not consider Flaming's contention, raised only on appeal, that the damages his complaint sought were not for mental or emotional injuries.  Similarly waived is his new claim that § 1997e(e) does not bar recovery of nominal damages, which, in any event, his complaint does not seek.

AFFIRMED.